514 P.2d 474

**The STATE of Arizona, Appellant,**

**v.**

**John Gordon SABARI, Appellee.**

**No. 2429.**

Supreme Court of Arizona,
In Division.

Sept. 24, 1973.

As Amended on Denial of Rehearing
Oct. 30, 1973.

Moise Berger, Maricopa County Atty., by Grayson M. Sandy, Jr., Deputy County Atty., Phoenix, for appellant.

Flynn, Kimerer, Thinnes & Galbraith by Thomas A. Thinnes and Michael D. Kimerer Phoenix, for appellee.

CAMERON, Vice Chief Justice.

This is an appeal by the State of Arizona from an order of the trial court granting the defendant's motion to suppress evidence obtained under a search warrant. The State has the right of appeal in this instance by virtue of § 13–1712, subsec. 7 A.R.S.

We are asked to answer what is basically one question on appeal: Did the trial court err in granting the defendant's motion to suppress based upon the impeachment of the affiant at a hearing upon the motion to suppress?

The facts necessary for a determination of this appeal are as follows. Oscar Long, a Phoenix Police Officer, prepared an affidavit for a search warrant on 28 July 1970, for the home of the defendant, John Gordon Sabari. In addition to Mr. and Mrs. Sabari and their home, the affidavit described three automobiles purportedly belonging to the defendant. This affidavit alleged that a usable amount of narcotics (heroin) would be found in the home. Information from three different unnamed informants was included in the affidavit. Based on the affidavit a search warrant was issued by the Honorable Charles Hardy, Presiding Judge of the Maricopa County Superior Court. Upon execution of the warrant, a search of the defendant's home revealed three balloons (found in the pocket of a pair of pants lying on the bedroom floor), the contents of which later proved to be cocaine.

A criminal complaint was filed and after a preliminary hearing, an information was filed in the Superior Court of Maricopa County, charging the defendant with possession of cocaine, a felony. The information was based upon the evidence seized from the defendant's home pursuant to the above mentioned search warrant.

A motion to suppress this evidence on the grounds of illegal search and seizure was filed by the defendant through counsel. A hearing was held on the motion at which testimony was heard from the affiant on the search warrant; Judge Charles Hardy, who issued the warrant; Judge Hardy's clerk; and another police officer who took part in the search of the defendant's home. Thereafter the trial judge entered an order suppressing the evidence. The State appealed and moved for a stay order pending appeal which this court granted.

The affidavit in this case is over two and one-half pages long. It contains information from three informants plus information supplied directly by the affiant. We find that the affidavit, taken as a whole, supports probable cause to issue the warrant. The affidavit meets the requirements set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

At the hearing on the motion to suppress, the affiant was impeached and discredited. For example:

"Q What did you tell Judge Hardy about informant number four?

"A. I told Judge Hardy that I also had a fourth informant who had given information, that had seen Sabari in possession of narcotics within the last couple of weeks at his home; and that had seen Sabari in possession, making deliveries to dealers, and substantially the same information that the other three informants had given.

Further, establishing more reliability for informant number one. That is when I brought it up.

\* \* \* \* \* \*

And when Judge Hardy read the Affidavit for the Search Warrant, he asked me about the reliability of informant number one, and I told Judge Hardy informant number one's information was proven to be true and reliable by the other two informants telling me substantially the same information that number one had given.

And that furthermore I had another informant which hadn't been mentioned on the Affidavit to avoid repetition that had given substantially the same information. They had seen him in possession at his home and other places."

Judge Hardy testified:

"Q And in relation to the particular Search Warrant in question that was issued on the 28th day of July 1970, do you recall receiving oral testimony by Officer Long in relation to a Search Warrant issued for 1807 West Cocopah, Phoenix, Arizona?

"A The only way I can answer that is: Had there been oral testimony, the officer would have been placed under oath and would have testified; and then I would have dictated to my Clerk what facts he had stated to me under oath, which were not contained in the Affidavit.

\* \* \* \* \* \*

"THE WITNESS: Your question was: Did I accept oral testimony. My answer would be 'No'."

The affiant was also contradicted on other matters by Judge Hardy. The trial judge granted the motion to suppress and the matter was appealed by the State.

There is authority that where the search warrant does not state the truth the warrant is invalid, Commonwealth v. D'Angelo, 437 Pa. 331, 263 A.2d 441 (1970). Also, where the affiant has been discredited, a motion to suppress may be granted. United States v. Pearce, 275 F.2d 318 (7th Cir. 1960); United States v. Harwood, 470 F.2d 322 (10th Cir. 1972). Even these courts hold, however, that discrediting the affiant (as here) on peripheral issues will not strike down a warrant:

"\* \* \* Neither false affidavits nor material inaccuracies necessary to a determination of probable cause can be sanctioned or condoned. However, this court will not strike down a warrant based upon a good faith affidavit which contains a misstatement that is only of peripheral relevancy. \* \* \*" State v. Hink, 6 Wash.App. 374, 492 P.2d 1053, 1056 (1972).

And this would appear to be the holding of the United States Supreme Court:

"Petitioner attacks the validity of the search warrant. This Court has never passed directly on the extent to which a court may permit such examination when the search warrant is valid on its face and when the allegations of the underlying affidavit establish 'probable cause'; however, assuming, for the purpose of this decision, that such attack may be made, we are of the opinion that the search warrant here is valid. \* \* \* The factual inaccuracies depended upon by petitioner to destroy probable cause \* \* \* were of only peripheral relevancy to the showing of probable cause, and, not being within the personal knowledge of the affiant, did not go to the integrity of the affidavit." Rugendorf v. United States, 376 U.S. 528, 531–532, 84 S.Ct. 825, 827–828, 11 L.Ed. 2d 887, 891 (1964).

A majority of the state courts hold that the truth of the allegations contained in an affidavit upon which a search warrant is based is not open to consideration on a motion to quash. Smith v. State, 191 Md. 329, 62 A.2d 287, 5 A.L.R.2d 386 (1948); State v. Lamb, 209 Kan. 453, 497 P.2d 275 (1972); Baker v. State (Okl.), 448 P.2d 282 (1968).

■ Having found the affidavit sufficient upon its face to support the issuance of the warrant, we believe that the trial judge abused his discretion in suppressing the evidence based upon the impeachment of the officer on peripheral issues.[1] Having found the affidavit sufficient upon its face to support the issuance of the warrant, we believe that the trial judge abused his discretion in suppressing the evidence based upon the impeachment of the officer on peripheral issues. The affidavit being sufficient on its face, the court could not go behind the affidavit on the motion to suppress.

Order of the trial court suppressing the evidence seized under the warrant is set aside.

LOCKWOOD and HOLOHAN, JJ., concur.

---

1. We are not concerned herein with the procedure as provided by § 13-1452 A.R.S., Controverting of grounds of issuance; procedure; restoration of property.