519 P.2d 69

**STATE of Arizona, Appellant,**

v.

**Lyndall L. LEMONS, Jr., Appellee.**

**No. 2 CA–CR 350.**

Court of Appeals of Arizona,
Division 2.

Feb. 28, 1974.
Rehearing Denied March 26, 1974.

Review Denied April 23, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, Dennis DeConcini, Pima County Atty. by Harold L. Higgins, Jr., Deputy County Atty., Tucson, for appellant.

S. Jeffrey Minker, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The issue in this case is the adequacy of the affidavit supporting a search warrant. The affidavit of the officer securing the warrant was based on information from an informant. Corroboration of the reliability of the informant is not at issue. The only question is whether the affidavit sufficiently informed the magistrate of the underlying circumstances in support of the informant's conclusion that the subject of the warrant was where it was claimed to be.[1] The pertinent part of the affidavit stated:

"   .   .   .   Said informant has advised your affiant that LYNDALL L. LEMONS, JR. is in possession of a usable quantity of heroin. Further that LYNDALL L. LEMONS, JR. is hiding said heroin at his residence, 1510 South Rosemont Blvd. Further that your affiant's informant knows these facts to be true through personal observations within the past 72 hours.   .   .   ."

Narcotics were seized pursuant to the warrant and the defendant was arrested. Defendant's motion to suppress was granted, the trial court being of the opinion that the affidavit in question was analogous to

1. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

the one in the case of United States v. Long, 142 U.S.App.D.C. 118, 439 F.2d 628 (1971). In *Long* the affidavit stated that the informant had " . . . personal knowledge that Lynwood 'Shorty' Long has worked in numbers offices in the local area for many years and is currently working in a numbers office, location unknown.". The court in *Long* stated that "personal knowledge" is only a conclusion and thus, does not provide the magistrate with sufficient details upon which to base the issuance of a search warrant.

■ Any comparison of the *Long* case with the case sub judice is inapposite. The affidavit must contain sufficient detail so that the magistrate may know that the affiant is relying on something more substantial than a casual rumor, or an accusation based merely on an individual's general reputation. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). An affidavit that the informant "personally saw" the defendant in possession of narcotics on his person and in his house meets the required standards. State v. Adams, 109 Ariz. 556, 514 P.2d 477 (1973). The essence of the affidavit in question is that the informant personally saw the defendant hiding heroin in his home.

■ Defendant argues that "no one knows what is meant by personal observations of the informant. It could mean that the informant observed certain activities or circumstances other than the heroin itself which led him to believe the appellee was in possession of heroin at his residence. . . . 'Personal observations' do not necessarily mean 'direct or visual observations' of heroin itself. . . ." Defendant's sophistic argument cannot be used to test the validity of the affidavit. In United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) the Court put *Aguilar* into its proper perspective:

"In evaluating the showing of probable cause necessary to support a search warrant, against the Fourth Amendment's prohibition of unreasonable searches and seizures, we would do well to heed the sound admonition of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965):

'[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by the non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' 380 U.S., at 108, 85 S.Ct., at 746.

*Aguilar* in no way departed from these sound principles. . . ."

The magistrate issuing the warrant heeded the words of *Harris* and properly performed his function.

The order of the trial court suppressing the evidence is set aside.

HATHAWAY, C. J., and KRUCKER, J., concur.