537 P.2d 1363
**The STATE of Arizona, Appellee,**
v.
**Isom MOSES, Appellant.**
**No. 2 CA–CR 528.**

Court of Appeals of Arizona,
Division 2.
July 24, 1975.

306

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Grove M. Callison, Asst. Attys. Gen., Phoenix, for appellee.

Scott W. Schlievert, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant Isom Moses, appeals from a judgment entered upon a jury verdict of guilty of the charge of possession of heroin, for which he received a sentence of 9 to 10 years at the Arizona State Prison.

Mr. Moses raises three issues on appeal: (1) whether the evidence was sufficient on the issue of possession to support the conviction; (2) whether he was denied his right to a fair trial due to a juror's overhearing a remark made to appellant by a female associate during a confrontation in the courtroom to the effect that "you can go back to the penitentiary;" and (3) whether there was probable cause to support the issuance of the search warrant, and, if the affidavit in support of the warrant was sufficient on its face, whether it can be attacked on the basis of the truthfulness of the statements therein.

The facts taken in the light most favorable to upholding the judgment below are as follows. On July 13, 1974, officers of the Tucson Metropolitan Area Narcotics Squad were notified by the manager of the Hacienda Motel that Isom Moses had returned. Mr. Moses had been registered there the previous weekend and narcotics paraphernalia had been found in the room.

As a result of this "tip" from the motel manager, a surveillance of Room 11 (rented to one Holly Odgen and occupied by both Ms. Ogden and Mr. Moses) was conducted from Room 12. Between approximately 12:30 p. m. when the surveillance commenced, and 3:25 p. m. when a telephonic search warrant was requested, agent Morgan observed two persons (one of whom was a "known narcotics user" and one of whom fit the narcotics user "profile") enter Room 11, stay for a short time, and leave.

Based upon this information, a magistrate was asked to, and did, issue a telephonic search warrant to search Room 11. Upon executing the warrant, Ms. Ogden and Mr. Moses were found partially clothed on the bed. Mr. Moses attempted to get to either the bathroom or a dresser located near the bathroom, but stopped after having been told to "freeze" on more than one occasion. The heroin which constituted the basis of the possession charges against both Mr. Moses and Ms. Ogden was found in the dresser.

Following his arrest, and after the Miranda warnings were given to Mr. Moses, he made several statements to the police. The two which are critical here are, "they (referring to the two people who had visited the room) were the only ones that know we have the dope" and "the dope was not for sale . . . we could have shot it all between us."

Since the heroin was not found upon appellant's person, or within his exclusive control, the issue is whether there is sufficient evidence to find constructive possession. Ms. Ogden's presence in the room does not diminish appellant's guilt, for exclusive possession is not required. State v. Saiz, 106 Ariz. 352, 476 P.2d 515 (1970). On the other hand, appellant's mere presence in the room is insufficient in and of itself to prove possession. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). The critical elements required to be proven in this case are knowledge of the presence of the drugs, knowledge of their narcotic substance, and access to them. State v. Womack, 6 Ariz.App. 267, 269, 431 P.2d 908 (1967). We hold that appellant's actions at the time of arrest in connection with his contemporaneous statements constitute sufficient evidence of constructive possession.

With regard to the fairness of appellant's trial, we find no abuse of discretion in the trial court's refusal to grant his motion for a mistrial. The fact is that one of the jurors was aware that appellant had been in the state penitentiary. The issue is whether or not this fact denied appellant a fair trial. The juror was questioned in chambers by the court in the presence of appellant's attorney. He stated that what he had heard would not affect his decision at all because he really didn't understand what had been said. He further stated:

"If you don't prove him guilty, I am not going to say he is guilty because of what I heard, for sure even if she said like he was in the penitentiary before. As afar as I am concerned, he is out now. That makes no difference now for this case. That is how I feel."

It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence submitted in court. The juror's assurances that he is equal to this task cannot be dispositive of the accused's rights and it remains open to the defendant to demonstrate the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality. Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589,[1] (1975). The answers of the juror in this case indicate no such hostility or partiality that could not be laid aside.

With regard to appellant's final contention, we think his reliance upon the cases of Aguilar v. Texas, 378 U.S. 108, 84

---

I. In *Murphy* the jurors knew of the accused's prior convictions for murder and grand theft.

**308**

S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637 (1969), dealing with the requirement of establishing the reliability of an informant, is misplaced. The only information supplied by an informant in this case was that Mr. Moses was present at the Hacienda Motel. Since this information was later verified by the personal knowledge of the officers involved, and the verification is recited in the affidavit, the reliability of the so-called "informant" is irrelevant to establishing the validity of the warrant.

The issue of the reliability of the "informant" aside, it would appear that appellant would concede that there is sufficient information on the face of the affidavit for the magistrate to have found that probable cause existed for the issuance of the warrant. Nevertheless, appellant contends that misstatements in the affidavit vitiated whatever probable cause was found to exist.

In State v. Sabari, 109 Ariz. 553, 514 P.2d 474 (1973), the court held that the affidavit being sufficient on its face, the court could not go behind the affidavit on the motion to suppress. The 9th Circuit Court of Appeals has held since *Sabari* was decided that "[a] review of the veracity of the affidavit may . . . be dictated by the exclusionary rule." United States v. Damitz, 495 F.2d 50, 54 (9th Cir. 1974). Even if some of the recitals in the affidavit are untrue, if the affidavit is sufficient without these recitals, the evidence need not be suppressed. State v. Steele, 23 Ariz.App. 73, 530 P.2d 919 (1975). Our examination of the entire affidavit leads us to conclude that without considering the alleged misstatements, there were sufficient facts to justify the issuance of the warrant.

Finding no error, the judgment of the court below is affirmed.

KRUCKER and HATHAWAY, JJ., concur.