540 P.2d 712

**STATE of Arizona, Appellee,**

v.

**Stephen Ross RABOY, Appellant.**

**No. I CA–CR 951.**

Court of Appeals of Arizona,
Division 1,
Department B.
Sept. 25, 1975.

Rehearing Denied Oct. 22, 1975.

Review Denied Nov. 25, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Spence-Moore, Ltd. by Gerald F. Moore, Phoenix, for appellant.

OPINION

EUBANK, Judge.

This appeal raises questions concerning the extent to which an affidavit, filed in support of the issuance of a search warrant, may be questioned after the determination of "probable cause" by the magistrate and the warrant is issued and executed.

On January 24, 1974, Phoenix Police Officer Tom Atchison executed an affidavit, pursuant to A.R.S. § 13–1444,[1] preparatory

I.   A.  The magistrate may, before issuing the the warrant, examine on oath the person or persons, seeking the warrant, and any witnesses produced, and must take his affidavit, or their affidavits, in writing, and cause the same to be subscribed by the party

to obtaining a search warrant. As a basis for "probable cause", Atchison swore that between January 22 and January 24, 1974, he had received information from an informant that the appellant was in possession of heroin both on his person and at his residence, and that he was engaged in selling it to persons in the Phoenix area. The basis of the informant's reliability was described as follows:

> The affiant believes the informant to be reliable bcause:

> Affiant has known this informant approximately eight (8) months. During this time, the informant has given affiant information on no less than five (5) major narcotic dealers in the Phoenix area. This information was addresses, associates, vehicles and methods of operation. Affiant checked this information thru police records, with fellow officers, with other reliable informants and with affiant's own knowledge and found to be true and correct. Affiant has also made five (5) arrests for narcotic violations with information from this informant.

> The affiant believes the information given him is reliable because:

> The informant told affiant that the informant saw with the informant's own eyes, STEVE RAYBOY (sic) (described above) in possession of heroin on his person and in his residence at 5540 North 19th Street on 1–24–74 or within the past 48 hours.

On the basis of the affidavit the magistrate found that there was probable cause and issued the search warrant. It was ex-ecuted on the same evening. One tinfoil package containing heroin was discovered in the appellant's right front pocket, while inside a stereo speaker in appellant's bedroom the officers found three burned spoons, one set of measuring spoons, seven syringes, one tinfoil package containing approximately ten grams of heroin, six small packages of heroin, fifteen square tins of tinfoil, and one small plastic spoon. The appellant was arrested and charged with possessing for sale a narcotic drug, heroin, in violation of A.R.S. § 36–1002.01, as amended.

Following preliminary hearing, he was held to answer an information charging him with violating A.R.S. § 36–1002.01, possessing narcotic drugs for sale. He pled "not guilty" to the information and the matter was set for a prehearing conference and, subsequently, an omnibus hearing. Prior to the prehearing conference appellant filed a Rule 15.3, Rules of Criminal Procedure, 17 A.R.S., motion for an order allowing the deposition of Officer Atchison on the basis that:

> . . . the Affiant's information came entirely and exclusively from an unidentified informant. Defendant proposes to move for the suppression of the evidence obtained through the use of the search warrant and proposes to have the search warrant declared invalid. It will be necessary to question the Deponent about evidence concerning the obtaining of the warrant and execution of said warrant.

> Detective Atchison must be deposed in order to confirm Defendant's basis that

---

or parties making the affidavit. The magistrate may also, before issuing the warrant, examine any other sworn affidavit submitted to him which sets forth facts tending to establish probable cause for the issuance of the warrant.

B. The affidavit or affidavits must set forth the facts tending to establish the grounds of the application, or probable cause for believing they exist.

C. In lieu of, or in addition to, a written affidavit, or affidavits, as provided in subsection A, the magistrate may take an oral statement under oath which shall be record-ed on tape, wire, or other comparable method. This statement may be given in person to the magistrate, or by telephone, radio, or other means of electronic communication. This statement shall be deemed to be an affidavit for the purposes of issuance of a search warrant. In such cases if a recording of the sworn statement has been made, the magistrate shall direct that the statement be transcribed and certified by the magistrate and filed with the court. As amended Laws 1970, Ch. 59, § 2; Laws 1971, Ch. 152, § 3.

the warrant is invalid. An informal "chat" with the Detective would be of little value and requested documents and police files would not be available to the Defendant in such an informal procedure.

At the prehearing conference on March 11, 1974, the trial court denied the motion, stating:

> . . . Very well. The motion for order allowing deposition [of Officer Atchison] will be denied for the reason that the Court does not believe that there has been an adequate showing that this witness will not cooperate in the granting of a personal interview, and the county attorney has avowed that he will make the witness available at a mutually convenient time and place for your interview with the witness.[2]

On March 18, 1974, the omnibus hearing was held and it was noted by appellant's counsel that the informal conference with Officer Atchison would take place that same afternoon. Otherwise they expressed no objection to the State's discovery disclosures. Subsequent to the omnibus hearing, a hearing was set for March 29, 1974, on defendant's motions to suppress and for a voluntariness determination. The basis of the motion to suppress was marked on the omnibus hearing form: to suppress evidence based on unlawfulness of an arrest, and to suppress evidence based on unlawfulness of a search or seizure.

At the motion to suppress hearing, Officer Atchison was present, and, when the "rule" excluding witnesses was imposed,

appellant's counsel stipulated that Atchison could remain in the courtroom to assist the prosecutor. During the hearing appellant did not call Officer Atchison for cross-examination and did not again raise the deposition question or mention the informal interview apparently held on March 18. The appellant, his father, mother and two friends testified that they were not the informer and that no person other than themselves was present at the Raboy house during the 48-hour period prior to the search on January 24. The purpose of this testimony was described by Counsel Spence as " . . . we are dealing with a search and seizure and the defendant is attacking the validity of the search and seizure thereto and the affidavit deals with the period of time immediately preceding the 48-hours incident of the search. We are not attacking any area other than the particular portion . . . ."

On appeal appellant contends that he established a prima facie case under Rule 16.2(b), Rules of Criminal Procedure, 17 A.R.S., thereby placing the burden of proving, by a preponderance of the evidence, the lawfulness of the search warrant, i. e., the factual basis of the affidavit, on the prosecutor. Rule 16.2(b), supra, reads as follows:

> The prosecutor shall have the burden of proving, by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which he will use at trial. However, whenever the defense is entitled under Rule 15 to discover the circumstances surrounding the taking of any evidence by confession,

---

2. This ruling was correct because the appellant did not bring himself within any one of the three specific circumstances listed for depositions in Rule 15.3(a):

Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant upon oral deposition under the following circumstances:

(1) A party shows that the person's testimony is material to the case and that there is a substantial likelihood that he will not be available at the time of trial;

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that he was not a witness at the preliminary hearing, and that he will not cooperate in granting a personal interview; or,

(3) A witness shows that he is incarcerated for failure to give satisfactory security that he will appear to testify at a trial or hearing.

identification or search and seizure, or defense counsel was present at the taking, or the evidence was obtained pursuant to a valid search warrant, the prosecutor's burden of proof shall arise only after the defendant has come forward with evidence of specific circumstances which establish a prima facie case that the evidence taken should be suppressed.

Under Rule 15.1(b), made applicable by Rule 16.2(b) above, the prosecutor must disclose to the defendant "(3) Whether or not the case has involved an informant, and, if so, his identity, if the defendant is entitled to know either or both of these facts under Rule 15.4(b)(2)." This latter rule states:

> (2) *Informants.* Disclosure of the existence of an informant or of the identity of an informant who will not be called to testify shall not be required where disclosure would result in substantial risk to the informant or to his operational effectiveness, provided the failure to disclose will not infringe the constitutional rights of the accused.

The record shows that the main thrust of appellant's argument was really directed toward determining the identity of the *informant.* In his Rule 15.3 motion, supra, he said, "the Affiant's information came entirely from an unidentified informant", and that "Detective Atchison must be deposed in order to confirm Defendant's basis that the warrant is invalid." At neither the prehearing conference nor the omnibus hearing did the appellant make any effort to make a showing to the trial judge for the need to identify the informer, and at the omnibus hearing no effort was made by his counsel to cross-examine Officer Atchison who was present throughout the hearing. Further, the testimony presented at the March 29th hearing to suppress related only to the issue of whether the informer or affidavit was accurate when it alleged that the informant "saw with the informant's own eyes, STEVE RAYBOY, (described above) in possession of heroin or his person and in his residence . . .

on 1–24–74 or within the past 48 hours." Of course, the fact that the heroin was *exactly* where the informant, through the affiant, said it was is not discussed.

Appellant does not question that the affidavit meets the requirements set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), nor does he argue that it was insufficient in any respect to preclude the magistrate from finding "probable cause" based on it. His argument is that the trial judge erred when he apparently refused to consider or weigh the evidence at the March 29 hearing to suppress with regard to Rule 16.2(b), supra. This argument is based on the court's minute entry of April 15, 1975, which reads:

> IT IS ORDERED denying Defendant's Motion to Suppress as the court finds that the truthfulness of the allegations contained in an affidavit upon which a search warrant is based are not open to review on a Motion to Suppress.

While this order does not completely jibe with *State v. Sabari*, 109 Ariz. 553, 514 P.2d 474 (1973), it does announce the correct result for the wrong reason, in which case we will not reverse. In *Sabari*, our Supreme Court reversed a trial judge's order suppressing the evidence based upon the impeachment of the affiant on *peripheral issues.* The *peripheral issues* consisted of a conflict in the testimony of the magistrate with that of the affiant police officer on whether or not the police officer had given oral testimony in addition to the affidavit in support of probable cause and the subsequent issuance of a search warrant. The affiant said that he had, and the superior court judge, acting as a magistrate at the time the warrant was issued, testified that the affiant had not given any oral testimony. Our Court said:

> A majority of the state courts hold that the truth of the allegations contained in an affidavit upon which a

search warrant is based is not open to consideration on a motion to quash. *Smith v. State,* 191 Md. 329, 62 A.2d 287, 5 A.L.R.2d 386 (1948); *State v. Lamb,* 209 Kan. 453, 497 P.2d 275 (1972); *Baker v. State* (Okl.Cr.), 448 P.2d 282 (1968).

Having found the affidavit sufficient upon its face to support the issuance of the warrant, we believe that the trial judge abused his discretion in suppressing the evidence based upon the impeachment of the officer on peripheral issues.[1]

---

1. We are not concerned herein with the procedure as provided by § 13–1452 A.R.S., Controverting of grounds of issuance; procedure; restoration of property.

\*   \*   \*   \*   \*   \*

The affidavit being sufficient on its face, the court could not go behind the affidavit on the motion to suppress.

\*   \*   \*   \*   \*   \*

(109 Ariz. at 556, 514 P.2d at 477)

*See United States v. Wong,* 470 F.2d 129 (9th Cir. 1972); Annot. 5 A.L.R.2d 394, Search Warrants: Disputing Matters Stated In Supporting Affidavit (1949); 68 Am.Jur.2d, *Searches and Seizures,* § 66 (1973). *See* also *People v. Grant,* 1 Cal. App.3d 563, 81 Cal.Rptr. 812 (1970), cert. den. 400 U.S. 845, 91 S.Ct. 91, 27 L.Ed.2d 82 (1970), which explains the purpose of §§ 1539 and 1540 of the California Penal Code from which our A.R.S. § 13–1452 was derived; *State v. McMann,* 3 Ariz. App. 111, 412 P.2d 286 (1966).

In our opinion the appellant has raised *peripheral issues* as to the time the informant saw the heroin rather than whether he actually saw it, and the trial judge did not abuse his discretion in refusing to suppress the evidence on that basis. Before such an attack is possible the appellant would have to show that the officer either knew or had reason to know of such falsity. This was not done here. *See Theodor v. Superior Court,* 8 Cal.3d 77, 104 Cal. Rptr. 226, 501 P.2d 234 (1972). Regarding Rule 16.2(b), the evidence of the appellant never reached the stage that the appellee

was required to assume the burden of proof because, as we have said, appellee's proof was of a peripheral nature. *Cf. State v. Moses,* 24 Ariz.App. 305, 537 P.2d 1363 (1975).

The judgment is affirmed.

JACOBSON, P. J., and HAIRE, C. J., concur.