544 P.2d 671

**STATE of Arizona, Appellee,**

v.

**Clifford Lee PAYNE, Jr., Appellant.**

**No. 1 CA–CR 1187.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 15, 1976.

Rehearing Denied March 2, 1976.

Review Denied March 30, 1976.

Bruce E. Babbitt, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge.

After submitting his case to the trial court on the basis of the preliminary hearing transcript and the record made in the Superior Court, appellant was found guilty of one count of possession of narcotic drugs for sale, a felony, and one count of possession of marijuana, a felony. He was placed on probation for six years. On appeal he raises the single issue of whether the trial court should have suppressed certain evidence seized pursuant to a search warrant. He contends that the affidavit which formed the basis for the issuance of the warrant contained material allegations which the affiant police officer knew to be false.

The pertinent facts are as follows. On July 2, 1974, the person and luggage of appellant were searched pursuant to a search warrant which was obtained by Sgt. Hunter of the Phoenix police department. In the course of this search, the police found heroin and marijuana in appellant's possession. The heroin had been smuggled into Arizona earlier in the day from Mexico by five other persons. One of the five was an informant for the Phoenix police department. The basis for obtaining the search warrant was Sgt. Hunter's affidavit, which stated:

"Between the dates July 1 and July 2, 1974, the affiant (or affiant's fellow officer) received information from a (confidential) informant. This information was as follows: Sgt. Howard Hunter #964 of the Phoenix Police Dept. received information from a confidential and reliable informant that subj[ect] known as 'Chip' w/m mid 20's, 5'-10", 160-170 lbs., long brown hair, long side-burns, mustache, speaks with some type of accent, is in possession of a usable amount of narcotic drug (heroin) which was observed within the past 48 hrs.

"The affiant believes the informant to be reliable because: Sgt. Hunter of the Phoenix Police Dept. advised he has received information from the informant resulting in four arrests for narcotics and information on burglary violations which have been checked through Department reports and has been reliable. The informant has been known by Sgt. Hunter for approx. four months.

"The affiant believes the information given him is reliable because: Sgt. Hunter advised that on 2 July, 1974 or within the last 48 hrs. *the informant did personally observe the narcotics (heroin) in the possession of subj[ect]* known as 'Chip', w/m mid 20's, 160-170 lbs., long brown hair, long sideburns, mustache, speaks with some type of accent." (Emphasis added).

Although at first the police refused to reveal the identity of the informant, appellant subsequently found out who he was, and took his deposition. At that deposition, the informant testified that he never told Sgt. Hunter that he saw or observed appellant in possession of the narcotics.

At appellant's preliminary hearing, which was held before the informant's deposition, Sgt. Hunter testified that the informant told him that he saw the drugs in appellant's possession. However, after the informant's deposition, and at the hearing on the motion to suppress, Sgt. Hunter admitted that the informant did not tell him that he saw appellant with the drugs. In contrast to his testimony at the preliminary hearing, Sgt. Hunter attempted to justify his use of the word "observe" by reciting the informant's participation in the smuggling operation and the fact that an accomplice told informant that he had given the heroin to appellant. Sergeant Hunter claimed, as does the state on appeal, that this information led to an "observation" by

the informant that appellant was in possession of narcotics.

■ Before we can consider the question of whether the evidence resulting from the search based upon the above affidavit must be suppressed, we must decide whether the trial court properly permitted an examination into the background facts, where the facts stated in the affidavit were sufficient, if taken at face value, to support a finding of probable cause. Although we find no prior Arizona decisions holding a search warrant void when based upon a facially sufficient affidavit, we do find several Arizona decisions which indicate that a defendant may, under certain circumstances, attack the truthfulness of the affidavit where the attack goes to a non-peripheral issue. *State v. Sabari*, 109 Ariz. 553, 514 P.2d 474 (1973); *State v. Raboy*, 24 Ariz.App. 586, 540 P.2d 712 (1975); *State v. Steele*, 23 Ariz.App. 73, 530 P.2d 919 (1975). *See also, Theodor v. Superior Court of Orange County*, 8 Cal.3d 77, 104 Cal.Rptr. 226, 501 P.2d 234 (1972). The state does not contest the procedure which was followed here, and we find that the trial court proceeded properly.

■ When, as here, the showing of probable cause is based upon information received from a confidential informant, and assuming a factual recitation sufficient to justify a finding of informant credibility under the test set forth in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the issue is not whether the informer was in fact lying or his information false. Rather, the issue is whether the officer falsified the information given to him by the informant, or knew or had reason to know that the informant's information was false. *State v. Raboy, supra.*

Turning now to the current case, there can be no contention that the challenged portion of the affidavit— "the informant did personally observe the narcotics (heroin) in the possession of [appellant]" — was peripheral to the determination of

probable cause. The challenged allegation furnished the only information in the affidavit which could possibly satisfy probable cause requirements.

■ *Spinelli v. United States, supra,* establishes a two-pronged test for determining the sufficiency of an affidavit for a search warrant based upon hearsay of an undisclosed informer. First, the magistrate must be presented with facts which show the informant to be reliable. The factual allegations in the affidavit concerning Sgt. Hunter's prior experience with the informant furnished an adequate basis from which the magistrate could have concluded that the informant was reliable, and the truthfulness of that particular portion of the affidavit has not been challenged on this appeal.

The second prong of the test set forth in *Spinelli* is that the magistrate must be presented with the underlying factual circumstances upon which the informant based his conclusions relating to the substance of the tip. Appellant claims that in the affidavit the officer knowingly falsified the facts given to him by the informant concerning these underlying circumstances, or, at best, gave his mere conclusions rather than the underlying facts, and that therefore the issuance of the search warrant was not justified.

■ Contrary to the state's assertion, it is our opinion that the affidavit can only be interpreted as claiming that the informant told Sgt. Hunter that he actually saw the heroin in appellant's possession. In *State v. Lemons*, 21 Ariz.App. 316, 519 P.2d 69 (1974), the search warrant stated that "affiant's informant knows these facts to be true through personal observations . . .." The defendant in *Lemons* attacked the affidavit because "no one knows what is meant by personal observations of the informant. It could mean that the informant observed certain activities or circumstances other than the heroin itself which led him to believe the [defendant] was in possession of heroin at his resi-

dence . . . 'Personal observations' do not necessarily mean 'direct or visual observations' of heroin itself. . . ." However, the court rejected that argument, stating that "the essence of the affidavit in question is that the informant personally saw the defendant hiding heroin in his home." In light of the express words of the affidavit, Sgt. Hunter's testimony at the preliminary hearing, and the decision in *Lemons*, we likewise feel that the only reasonable interpretation of Sgt. Hunter's affidavit, and that intended by him, was that the informant told Sgt. Hunter that he saw the drugs in appellant's possession. From the record below, it is clear that the statement was knowingly false.

■ In upholding the validity of the search warrant, the trial judge stated that:

"From the testimony of Sergeant Hunter as to the information he had received from [the informant] by phone, and the testimony of [the informant] as to what he had seen and then told Sergeant Hunter by phone, it would have been a reasonable inference for Sergeant Hunter to draw that [the informant] had 'personally observed' the contraband in 'the possession of' the defendant."

If the record supported this inference, and if Sgt. Hunter had reasonably understood the remarks of the informant to mean that the informant had personally "observed" (meaning "seen") the contraband in the possession of the appellant, we would have no hesitancy in affirming the denial of the motion to suppress. We recognize that the art of communication is not an exact science, and that a police officer is entitled to rely upon his own perception of the meaning to be given to a communication from an informant, provided that such interpretation is reasonable when measured against an objective standard. However, contrary to his earlier testimony at the preliminary hearing, Sgt. Hunter's testimony at the motion to suppress hearing expressly negates the possibility of any understanding by him that the informant was telling him that he actually saw the contraband in appellant's possession. At the motion to suppress hearing Sgt. Hunter testified that he used the word "observed" to mean something other than "saw", and from his entire testimony at the motion to suppress hearing, the inescapable interpretation is that he used the word "observe" as a shorthand method of stating the conclusions of the informant so as to avoid the necessity of setting forth probable cause facts which might have pointed to the identity of the informant. "Personal observation" and "observe" as re-defined by Sgt. Hunter constitute only his conclusions and thus do not provide the magistrate with any factual details upon which to base the issuance of a search warrant. *State v. Simon*, 12 Ariz.App. 321, 470 P.2d 469 (1970); *United States v. Long*, 142 U.S. App.D.C. 118, 439 F.2d 628 (1971). If such a broad conclusionary statement were permitted, the very situation which the United States Supreme Court was trying to prevent would occur where a

". . . police officer who arrived at the 'suspicion,' 'belief' or 'mere conclusion' that narcotics were in someone's possession could not obtain a warrant. But he could convey this conclusion to another police officer, who could then secure the warrant by swearing that he had 'received reliable information from a credible person' that the narcotics were in someone's possession." *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 1513, n. 4, 12 L.Ed.2d 723 (1964).

We sympathize with Sgt. Hunter's desire to protect his informant. We are also aware that the use of informants is a vital weapon against illegal drug traffic. However, even though Sgt. Hunter's motive may be commendable, it is still no excuse for him to give a misleading statement under oath to a judicial officer. Our country is governed by the law, law which this Court and Sgt. Hunter must follow whether we agree with the policy of that law or not. Because the law was not followed, the motion to suppress should have been granted. The necessity to suppress the ev-

idence here involved is doubly offending because it is clear that the facts which were related to the police officer by the informant would have been sufficient, if presented to the magistrate, to show probable cause justifying the issuance of a search warrant. *See State v. Torrez*, 112 Ariz. 525, 544 P.2d 207 (Filed December 26, 1975). We recognize that the imposition of these exclusionary rules make the enforcement of the drug laws difficult. However, it is only in a totalitarian country that law enforcement is easy.

No other evidence was presented to the magistrate to justify the issuance of the warrant. Therefore, we must hold that the trial court erred in denying appellant's motion to suppress. *See United States v. Upshaw*, 448 F.2d 1218 (5th Cir. 1971); *United States v. Harwood*, 470 F.2d 322 (10th Cir. 1972).

The judgment of conviction and sentence are reversed.

JACOBSON, P. J., and EUBANK, J., concur.