565 P.2d 534
**STATE of Arizona, Appellee,**

v.

**Gregory Lee ALBERT, Appellant.**

**No. 1 CA–CR 2229.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 31, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel, by Harold L. Watkins, Flagstaff, for appellant.

## OPINION

NELSON, Presiding Judge.

Defendant, Gregory Lee Albert, was convicted by a jury for possession of heroin and received a prison sentence of two to six years. On appeal from his conviction and sentence, defendant attacks the denial of his motion to suppress evidence on the basis of the sufficiency of the search warrant and affidavit on which the warrant was based. He also contends the introduction of these documents into evidence at trial was error. For the reasons stated below we find defendant's motion to suppress was properly

denied but that the introduction of the affidavit and search warrant at trial requires reversal.

■ Defendant first contends the search warrant, which contained only the first names of defendant and his codefendant, Wayne Alvin Laird[1], was fatally defective because it did not contain the suspects' last names. We disagree.

So long as a warrant describes the person to be searched in adequate detail to identify him with reasonable certainty, the description is sufficient. *Dow v. Maryland*, 207 Md. 80, 113 A.2d 423 (1955). In the present case, the warrant correctly specified the suspects' first names, gave their physical descriptions and contained the precise location at which they could be found. We hold this information was sufficient to allow the police to locate and identify the defendant and Laird with reasonable certainty and that the warrant was not invalid on this basis. *United States v. Ferrone*, 438 F.2d 381 (3rd Cir. 1971).

Defendant also contends the affidavit in support of the search warrant, which was based on information supplied by a confidential informant, was constitutionally insufficient to establish probable cause.

■ Under the tests set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), an affidavit in support of a search warrant, when based entirely on the hearsay information of a confidential informant, must set forth facts which show the informant is reliable and the underlying factual circumstances which support the substance of the informant's tip.

■ The affidavit in the present case stated the affiant, a police officer, had "received information within the past 72 hours from a confidential and reliable informant" who had personally observed a usable quantity of heroin in the possession of defendant and Laird, being concealed at a specified address in Flagstaff, Arizona. The affidavit also recited:

1. Wayne Alvin Laird is not a party to this appeal.

"Your affiant believes the informant to be reliable because said informant has given your affiant and affiants [sic] fellow officers information that has led to the arrest of three (3) persons, said informant has also given your affiant and affiants [sic] fellow officers information in the past that has been checked through independent sources and has been true and correct. Said informant is familiar with Heroin [sic], and knows it when said informant sees it."

The final conclusory sentence of the affiant's statement conveys no underlying fact from which the magistrate might independently conclude the informant could reliably identify heroin. This deficiency, however, does not detract from the finding of probable cause since other underlying facts and circumstances are set forth from which the magistrate could have made the requisite findings. *See State v. Torrez*, 112 Ariz. 525, 544 P.2d 207 (1975). The first sentence recites the informant had provided reliable, verified information in the past which had led to the arrest of several persons. Further the affidavit recites the informant had personally observed heroin in the possession of the suspects. Under the authority established by cases in this jurisdiction, these factors were sufficient under *Aguilar v. Texas, supra,* and *Spinelli v. United States, supra,* to permit the magistrate to independently determine the information was reliable and the informant credible. *See State v. Verrue*, 106 Ariz. 325, 475 P.2d 939 (1970); *State v. Watling*, 104 Ariz. 354, 453 P.2d 500 (1969); *State v. Moreno*, 26 Ariz. App. 178, 547 P.2d 30 (1976); *State v. Payne*, 25 Ariz.App. 454, 544 P.2d 671 (1976); *State v. Archer*, 23 Ariz.App. 584, 534 P.2d 1083 (1975); *State v. White*, 13 Ariz.App. 265, 475 P.2d 750 (1970); *State v. Ramos*, 11 Ariz.App. 196, 463 P.2d 91 (1969). *Compare United States v. Carmichael*, 489 F.2d 983 (7th Cir. 1973).

■ Defendant next contends the introduction of the affidavit and search warrant at trial violated his constitutional right to confront the witnesses against him.

Article II § 24 of the Arizona Constitution, 1 A.R.S., and the sixth amendment to the United States Constitution, 1 A.R.S., applicable to the states through the fourteenth amendment, guarantee the right of a criminal defendant to confront his accusers at trial. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Not all admissions of out-of-court statements by persons who do not testify at a defendant's trial constitute denial of a defendant's right of confrontation. *See Annot.*, 23 L.Ed.2d 853 (1970). However,

"'[t]he primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' *Mattox v. United States*, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409, 411 (1895)." *California v. Green*, 399 U.S. 149, 157–158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

"A famous example is provided by the trial of Sir Walter Raleigh for treason in 1603. A crucial element of the evidence against him consisted of the statements of one Cobham, implicating Raleigh in a plot to seize the throne. Raleigh had since received a written retraction from Cobham, and believed that Cobham would now testify in his favor. After a lengthy dispute over Raleigh's right to have Cobham called as a witness, Cobham was not called, and Raleigh was convicted. See 1 Stephen, supra, at 333–336; 9 Holdsworth, supra, at 216–217, 226–228. At least one author traces the Confrontation Clause to the common-law reaction against these abuses of the Raleigh trial. See F. Heller, the Sixth Amendment 104 (1951)." *California v. Green, supra,* 399 U.S. at 157, n. 10, 90 S.Ct. at 1934.

We can think of no clearer example of a violation of the confrontation clause than the introduction into evidence in a criminal prosecution, on the issue of a defendant's guilt, of a search warrant signed by a judge or justice of the peace, reciting the existence of probable cause, and the hearsay affidavit on which the warrant was based, containing the accusations of an anonymous informer as well as the affiant police officer's assertions as to the reliability of the informer. In such a situation the defendant has no chance to challenge the veracity, recollection, or bias of the informant and is clearly denied his state and federal constitutional right to confront and cross-examine the witness against him. *See Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); *Pointer v. Texas, supra.*

The State contends that even if admission of the affidavit and warrant was error, it was harmless beyond a reasonable doubt since the evidence of appellant's guilt was overwhelming. After thoroughly reviewing the evidence presented at trial, we are unable to agree with the State's conclusion.

At trial evidence was introduced showing heroin was found in possession of Laird. Other testimony indicated that when the police knocked and announced their identity, the defendant ran to a bedroom in which a wallet, identification belonging to the defendant, heroin and other paraphernalia were found. After entering, officers found defendant pacing in the bedroom, swallowing something. He appeared to be under the influence of drugs. One officer heard a toilet flush as he entered the house and a third suspect was found in the bathroom. Nothing was retrieved from the toilet and defendant was later heard to ask this suspect whether "it went down."

After the premises were searched defendant was taken to the Coconino County Jail where at 5 o'clock in the morning, in a "semi-unconscious" condition, he told a deputy sheriff he had taken several papers of heroin and requested his stomach be pumped. He was taken to a hospital where he refused to see a doctor or to have his stomach pumped. By this time he was fully conscious. Aside from his statement referring to ingestion of heroin, the only evidence directly placing the defendant in possession of heroin was the affidavit containing the hearsay accusations of the unidentified informant.

Although the evidence presented at trial was strong, *see Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), we cannot state that apart from the warrant and affidavit, the evidence was so overwhelming that their admission was harmless beyond a reasonable doubt. *Compare Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Without the affidavit and warrant the jury might well have found the State had failed to sustain its burden of proving the defendant's guilt beyond a reasonable doubt. For these reasons we hold the admission of the affidavit and search warrant in violation of the defendant's state and federal constitutional right of confrontation requires reversal of the defendant's conviction.

HAIRE and DONOFRIO, JJ., concur.