STATE of Tennessee, Appellee,

v.

David Wayne WOODALL, Appellant.

Supreme Court of Tennessee,
at Nashville.

April 27, 1987.

Karl F. Dean, Christine A. Freeman, Asst. Public Defenders, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles E. Bush, Asst. Atty. Gen., Jim Walsh, Dan Hamm, Asst. Dist. Attys. Gen., for appellee.

## OPINION

HARBISON, Justice.

Appellant was convicted of armed robbery and of assault and battery. His conviction for armed robbery was enhanced to life imprisonment following a jury verdict that he was an habitual criminal. T.C.A. § 39–1–801 to –807.

The Court of Criminal Appeals affirmed the conviction and the sentence. This Court granted review limited to consideration of the admissibility of information taken from arrest warrants to establish the dates of the prior convictions alleged in the habitual criminal count of the indictment.

The hearing on the habitual criminality charge occurred after the jury had returned a verdict finding the appellant guilty of armed robbery. In its proof in chief the State called a Deputy Clerk of the Criminal Court of Davidson County, Tennessee. She had with her and introduced into evidence certified copies of the Minutes of the Criminal Court of Davidson County, Tennessee, reciting the conviction of a person bearing the same name as appellant for four previous felonies, these being the same offenses alleged in the third count of the indictment.

Appellant does not question his identity as the same person convicted on the four occasions shown in these minutes. The minutes reflect that in Case No. C–3495 appellant pled guilty to armed robbery on February 5, 1980. On the same date he pled guilty to forgery in Case No. C–3632. The minutes also showed that on November 8, 1973, in Case No. B–1718 appellant pled guilty to grand larceny and on that same date in Case No. B–1719 he also pled guilty to grand larceny.

The Clerk brought with her the official court file on each of these cases. Two of the files showed the date of birth of the appellant. This date coincided with the date given by his mother who later testified on his behalf at this phase of the trial.

None of the minute entries, which were filed as an exhibit, recites the date of the offense for which the appellant was convicted. The Clerk testified that none of the indictments, copies of which were in her file, showed the date of the offenses, other than reciting a month and year.

In order to sustain a charge of habitual criminality the State must establish three prior felony convictions as specified in T.C.A. § 39–1–801, and that statute also requires:

"... each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions."

The methods of drawing indictments and the keeping of minute entries vary from one part of the state to another. For purposes of establishing habitual criminality, it would certainly be preferable that indictments allege the precise date of the underlying offense, although we recognize that this is not always possible and that sometimes, at the time of drawing the indictment, it is necessary to resort to general allegations of dates preceding the finding of a true bill. *See* T.C.A. § 40–13–207 (time of offense need not be stated in indictment unless it is a "material ingredient" in the offense).

This should not be the case, however, in the preparation of official court minutes, and we see little reason why the date of the offense could not and should not be inserted into official minutes. This would generally eliminate the problem presented in this and in other cases, because appellant makes no question as to the admissibility or the authenticity of such minutes to establish the date on which an underlying offense occurred.[1]

---

1. Rule 17 of the Rules of this Court prescribes forms for judgments in all convictions under the Tennessee Criminal Sentencing Reform Act of 1982 as authorized in T.C.A. § 40–35–209(f).

These forms, however, do not show the date of the offense, only the date of conviction. The forms are presently being revised, and the offense date should be provided for in them.

Where several minute entries are made on the same date, without showing the date of each offense, they often will not establish that the offenses occurred "on separate occasions." It frequently may be necessary for the State to resort to other types of evidence to meet that statutory requirement. *See State v. Cook,* 696 S.W.2d 6 (Tenn.1985); *Clayborne v. State,* 596 S.W.2d 820 (Tenn.1980).

The statutes on habitual criminality contain some evidentiary provisions. T.C.A. § 39–1–804 provides:

"In all cases where a person is charged under the provisions of this chapter with being an habitual criminal, the record, or records, of prior convictions of such person upon charges constituting felonies, shall be admissible in evidence, but only as proof that such person is, in fact, an habitual criminal, as defined in § 39–1–801...."

■ This portion of the statute clearly makes "the record, or records, of prior convictions" admissible, but, of course, it does not preclude the introduction of other kinds of evidence by the State in order to prove the statutory elements of habitual criminality.

Where identity of the accused and of the person previously convicted is an issue, T.C.A. § 39–1–804 further provides:

"... a judgment of conviction of any person in this state, or any other state, country or territory, under the same name as that by which such person is charged with the commission, or attempt at commission, of a felony under the terms of this chapter, shall be prima facie evidence that the identity of such person is the same."

In the case of *Cumbo v. State,* 205 Tenn. 260, 326 S.W.2d 454 (1959), certified copies of official records of convictions from the State of North Carolina were held to be sufficient to establish both identity of the

accused and the prerequisite convictions. It has been held that this portion of the statute creates a permissive inference that the defendant is the same person previously convicted, and that the statute does not create an unconstitutional mandatory presumption so as to shift the burden of proof to the accused. *See State v. Woodson,* 705 S.W.2d 677 (Tenn.Crim.App.1985).[2]

In addition to official minutes, testimony of police officials or court personnel is frequently necessary to establish some of the statutory requirements. In *State v. Pinkston,* 644 S.W.2d 422 (Tenn.Crim.App.1982), a police officer testified as to an identification number assigned to persons when charged with offenses. He testified that the number assigned to the defendant was given to him when he was charged with the offenses for which he had previously been convicted. In addition a photograph of the accused was offered in evidence.

The nature and type of proof which the State must adduce is frequently affected by the type of defense or other issue interposed by the accused. When the prior offenses are admitted, for example, it may not be necessary to introduce official court records to establish the convictions themselves. When identity is an issue, the official court records may not be sufficient standing alone.

■ T.C.A. § 39–1–804, previously quoted, does not define the term "the record, or records, of prior convictions." Obviously the minute entries or judgment orders of the convictions themselves, or certified copies thereof, would be the principal records establishing the convictions. Absent these, and where the convictions are not admitted, mere indictments or testimony as to arrests may not be sufficient. *See Reed v. State,* 581 S.W.2d 145 (Tenn.Crim.App.1978).

In addition to the records of convictions themselves—*i.e.,* minutes or judgments—which are admissible but not necessarily

---

2. It has been further held that the habitual criminal statutes do not create an independent offense but merely serve to enhance the punishment for crime committed by a person who meets the definition of an habitual criminal. *See Pearson v. State,* 521 S.W.2d 225, 227 (Tenn. 1975). Habitual criminality is a status prescribing circumstances under which an enhanced penalty is imposed for the triggering offense. *State v. Duffel,* 665 S.W.2d 402 (Tenn.Crim.App. 1983).

mandatory, many other types of evidence could be adduced. In the present case, as previously stated, there is no question of identity or of the sufficiency of the underlying convictions. The question is simply one of establishing that separate offenses were committed at different times and on separate occasions.

For that purpose, in the present case, the Deputy Clerk of the Criminal Court was permitted to read from the official arrest warrants contained in each of her court files. These established that each of the four offenses occurred on different dates. Appellant objected to this testimony as hearsay, and its admissibility is the only issue presented here.

The Court of Criminal Appeals in the present case held that the information adduced by the State was admissible. Other panels of the Court of Criminal Appeals have reached different results, however, and we granted review to give consideration to the question.

■ In our opinion warrants of arrest are official judicial records of proceedings in a criminal case, although they are not, of course, records of the actual conviction of the accused as specified in T.C.A. § 39–1–804.

Official arrest warrants, or in lieu thereof, summonses, are authorized to be issued upon the filing of an affidavit of complaint. The latter, provided for in Rule 3, T.R. Cr.P., is:

"... a written statement alleging that a person has committed an offense and alleging the essential facts constituting the offense charged. The affidavit of complaint shall be made upon oath before a magistrate or a neutral and detached court clerk who is capable of the probable cause determination required by Rule 4."

Rule 4(a), Tenn.R.Crim.P., provides:

"If it appears that from the affidavit of complaint or supporting affidavits filed with the affidavit of complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant

for the arrest of the defendant shall be issued by a magistrate or clerk to any officer authorized by law to execute it, or a criminal summons for the appearance of the defendant shall issue in lieu thereof. Before ruling on a request for a warrant, the magistrate or clerk may examine under oath the complainant and any witnesses he may produce ... The issuance of every warrant and summons in each county shall be recorded forthwith in a docket book kept by the clerk for the Court of General Sessions."

Before issuing a warrant or summons, there must be a finding of probable cause "based upon evidence, which may be hearsay in whole or in part provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Rule 4(b), T.R.Cr.P.

If a warrant is issued it shall:

"... be signed by the magistrate or clerk, shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty, and shall show the county in which the warrant was issued. It shall describe the offense charged in the affidavit of complaint. It shall command that the defendant be arrested and brought before the nearest appropriate magistrate in the county in which he is arrested." Rule 4(b)(1), T.R.Cr.P.

The warrant must be signed by the magistrate or clerk, contain the name of the accused or a reasonably certain description and show the county in which the warrant was issued. It shall also describe the offense alleged in the affidavit of complaint. Rule 4(c)(1), T.R.Cr.P.

The Deputy Clerk who testified in the present case stated that the official court file, of which she had charge, contained the arrest warrant in each of the four proceedings in which the appellant had been convicted. These warrants were judicial records, required to be issued and retained as a part of the court proceedings. Data appearing thereon, by requirements of the

Rules of Criminal Procedure themselves, must contain a high degree of reliability.

We see no greater reliability in inserting the date of the offense in the official minutes of the conviction than inserting it into a warrant of arrest issued by a magistrate after receiving an affidavit of complaint and the conducting of a probable cause hearing. It is, of course, possible that an error might occur in either type of record, but the probability of material error in either type of record appears rather remote. No issue has been made as to the correctness or incorrectness of the information in the warrants in the present case. Indeed appellant did not testify at the bifurcated hearing. He offered no proof at the hearing except the testimony of his mother, which shed no light upon his habitual criminality. It did confirm the date of his birth as shown in two of the official files as testified to by the Deputy Clerk.

Evidence of official records in Tennessee is to a great extent governed by Rule 44, T.R.C.P., and Rule 27, T.R.Cr.P. Both of these rules deal with the introduction into evidence of official records and provide various methods of their authentication. *See generally* D.F. Paine, *Tennessee Law of Evidence*, §§ 82–86 (1974). T.C.A. § 16–15–709 provides for the authentication of official records or entries therein in courts of general sessions. It is similar to the procedural rules above cited.

Obviously, as in the case of business records, not every entry in an official record is necessarily admissible, whether the contents of the record are offered through the oral testimony of the custodian, as in the present case, or through certified copies as provided in the rules and statutes cited above. The entries are generally hearsay, unless made by the person actually on the witness stand. Nevertheless, they are generally admissible in evidence unless the trier of fact finds them inaccurate or untrustworthy.[3] No basis for such a finding has been suggested in the present case, and, as previously stated, an entry in an official state warrant issued by a proper official is hardly less reliable than an entry in a judgment order or minute of a court of record.

The warrants in the present case might also have qualified as business records pursuant to T.C.A. § 24–7–111 had they been so offered. The custodian did not testify as to all of the statutory requirements for their admission as business records, but had they been properly qualified, for the purposes offered in the present case, they might well have been admissible unless the court found that the sources of information, or the method or time of preparation, were unreliable.[4] As previously stated, the only issue upon which the information from the warrants was offered in the present case had to do with the dates of the respective offenses, not with the identity of the accused or whether he had been properly convicted of those offenses.

There is substantial authority that search warrants and affidavits supporting the same are not admissible as substantive proof of guilt of an accused in criminal proceedings. *See e.g., State v. Albert,* 115 Ariz. 354, 565 P.2d 534, 536–37 (1977); *Holt v. State,* 348 So.2d 434, 438–39 (Miss.1977); *State v. Edwards,* 315 N.C. 304, 337 S.E.2d 508 (1985).

On the other hand, where warrants or supporting affidavits have been offered to establish habitual, multiple or persistent offender status, they have frequently been held admissible under the official records exception to the hearsay rule. *See McCord*

---

3. *See generally* 2 Wharton's *Criminal Evidence* § 290 (13th ed., C.E. Torcia, 1972); 3 *Id.* § 513 (public and official records and documents); Federal Rules of Evidence 803(8); 30 Am.Jur.2d *Evidence* § 973 (1967) (judicial records); 32 C.J.S. *Evidence* § 629 (1964) (judicial records and proceedings).

4. There may, of course, be problems of confrontation in some cases, and the use of business records to establish guilt or innocence is limited by those considerations. *See State v. Henderson,* 554 S.W.2d 117 (Tenn.1977); *State v. Fears,* 659 S.W.2d 370 (Tenn.Crim.App.1983), *cert. denied,* 465 U.S. 1082, 104 S.Ct. 1450, 79 L.Ed.2d 768 (1984). Where only the date of an offense is involved for enhancement purposes, however, no such issues are presented, in our opinion, and either court records or prison records would suffice.

*v. State,* 373 So.2d 1242 (Ala.Crim.App. 1979); *Barnett v. State,* 429 N.E.2d 625, 628 (Ind.1981). Entries on arrest warrants are regularly admitted and relied upon in enhancement proceedings under the Tennessee D.W.I. statutes. T.C.A. §§ 55–10–401 *et seq.*

In view of the requirements for the issuance of an official arrest warrant, in our opinion, the date of the offense shown thereon is sufficiently reliable to justify its admission as an entry in an official record for the purposes offered in this case—as evidence of the date of an earlier offense for which the accused had been convicted.

The judgment of the Court of Criminal Appeals is affirmed at the cost of appellant. The cause will be remanded to the trial court in accordance with the mandate of the Court of Criminal Appeals for the purpose of fixing a sentence on the assault and battery conviction.

BROCK, C.J., FONES and DROWOTA, JJ., and GREER, Special Justice, concur.