511 P.2d 636

**The STATE of Arizona, Appellant,**
**v.**
**Joseph Martin FELLOWS, Appellee.**
**No. 2412.**

Supreme Court of Arizona,
In Division.
June 25, 1973.

Moise Berger, Maricopa County Atty., by Hugo F. Zettler and Joseph E. Abodeely, Deputy County Attys., Phoenix, for appellant.

McGillicuddy & Rich by T. J. McGillicuddy, Phoenix, for appellee.

HAYS, Chief Justice.

On March 29, 1971, the defendant, Joseph Martin Fellows, was charged with the crime of attempting to transport marijuana. Prior to trial, the defendant filed a motion to suppress, contending that the evidence had been obtained pursuant to an illegal search. The motion was granted and the case dismissed by the court. The State now appeals the granting of the motion to suppress. Ariz.Rev.Stat.Ann. § 13–1712, subsec. 7.

The relevant facts follow: On March 3, 1971, at approximately 9:00 P.M., a Trans World Airline employee at Phoenix Sky Harbor Airport received information that an anonymous Phoenix caller had telephoned the Los Angeles TWA office that a bomb would be aboard a plane. Around midnight on March 3, the defendant purchased a one-way ticket to Chicago, checked his suitcase at the TWA counter and boarded the plane. After the defendant left the counter area, his suitcase and that of another man jointly charged with him were unlocked and searched by two TWA employees because of the bomb scare. The defendant's suitcase contained kilo-sized bricks wrapped in polyethylene bags and paper. The employees suspected that the bags contained marijuana, closed the suitcase and called the police.

When the three Phoenix police officers arrived, they requested that one of the TWA employees reopen the defendant's suitcase. One of the officers examined the contents of the packages in the suitcase, determined that it contained marijuana and proceeded to the aircraft where they arrested the defendant.

The initial search of the defendant's suitcase by the two TWA agents was made without any request or direction from any law enforcement agency and was done merely to protect the airlines. The TWA employees in question had never been used as informers, nor had they been involved in any police work.

Two questions are presented on review:

(1) Did the police officers in searching the suitcase upon arrival at the airport do so in violation of the fourth amendment of the Constitution of the United States, either because they lacked probable cause or failed to obtain a search warrant? and,

(2) Were the actions of the Trans World Airline employees in searching the defendant's bag "state action," done without probable cause and, therefore, in violation of the fourth amendment to the Constitution?

In answering both questions, we rely on the reasoning of the recent California case of People v. McKinnon, 7 Cal.3d 899, 103 Cal.Rptr. 897, 500 P.2d 1097 (1972), as well as State v. Fassler, 108 Ariz. 586, 503 P.2d 807 (1972). In McKinnon, the defendant and another man took five cardboard cartons to an air freight agent in San Diego to ship to Seattle. The agent had not seen either man before but suspected that the cartons contained contraband. He obtained his supervisor's permission and opened one of the cartons for inspection. Upon finding brick-shaped packages which he believed contained marijuana, he telephoned the police. The police verified that it was marijuana and arrested McKinnon on a flight waiting for take-off for Seattle. The air freight agent denied that the police had ever instructed him to open suspicious packages. He explained that a Civil Aeronautics Board regulation entitled him to open any shipment for inspection, and that he does so, among other reasons, to forestall fraudulent insurance claims. His only instructions were instructions from his company to get his supervisor's permission before opening a package.

█ The California Court in McKinnon relied on the reasoning of the United States Supreme Court in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), in the context of an automobile search. The Court in Chambers

# 456

held that because of their highly movable nature,

> [A]utomobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize. 399 U.S. at 48, 90 S.Ct. at 1979.

Although the seized items in question in *McKinnon* and in the instant case were not in an automobile, they were "in the course of transportation" and were thus in a position where they could readily be put out of reach of a search warrant. Carroll v. United States, 267 U.S. 132 at 151, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Chambers,* the Court found that in a situation where a mobile object is to be searched, a search without a warrant is no greater an intrusion on the rights of the owner than immobilization of the chattel until a warrant is obtained, and "either course is reasonable under the Fourth Amendment." 399 U.S. at 52, 90 S.Ct. at 1981. After receiving the TWA employee's phone call, police officers in the instant case clearly had probable cause to search the suitcase and, under the above decisions, they did not violate the defendant's fourth amendment rights by doing so without a search warrant.

 Fellows also contends that the TWA agents violated his fourth amendment rights by their original search of the suitcase. We cannot agree. It is not necessary that an airline employee have probable cause to search unless he is acting as a police agent in searching the defendant's belongings. There was no general police-instigated exploratory search, People v. Baker, 12 Cal.App.3d 826, 837, 96 Cal.Rptr. 760, 767 (1970), nor was this a joint operation with law enforcement authorities. Stapelton v. Superior Court, 70 Cal.2d 97, 73 Cal.Rptr. 575, 447 P.2d 967 (1968). All evidence indicates that the TWA ticket agents were acting in response to a general duty of care to protect the airplane and its passengers from the bomb threat. There is no evidence that they acted as police agents and unless they were acting under the authority of the State, their actions were not proscribed by the fourth or fourteenth amendments. *McKinnon, supra.*

We hereby vacate the order of the Superior Court which granted the defendant's pretrial motion to suppress and reinstate the information.

CAMERON, V. C. J., and DONOFRIO, Judge of the Court of Appeals, Division One, concur.

Note: FRANCIS J. DONOFRIO, Judge of the Court of Appeals, Division One, was called to sit in this matter.