517 P.2d 513

The **STATE** of Arizona, Appellant,

v.

Robert Reynaldo **JUAREZ**, Appellee.

No. 1 CA–CR 591.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1973.

Moise Berger, Maricopa County Atty., by Gregory H. Martin, Deputy County Atty., Phoenix, for appellant.

L. Hampton Locklear, Phoenix, for appellee.

## OPINION

OGG, Judge.

This is an appeal by the State of Arizona from an order of the trial court granting the defendant Robert Reynaldo Juarez's motion to suppress a certain can containing heroin.

The defendant contended—and the trial judge evidently found—that the arrest was made without probable cause and that the heroin seized at the time was not admissible in evidence.

It appears the trial court believed the defendant's rights against an unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution had been violated. Under the rationale of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the can containing the heroin was suppressed which, as a practical matter, terminated the case.

In our opinion the action of the officer in his detention and investigation was reasonable and the defendant's motion to suppress should have been denied.

The pertinent facts necessary for this appeal show that the investigating officer, Sgt. Glen E. Kenner of the Phoenix Police Department Drug Unit, had received information some two years prior to the seizure that the defendant was a user and dealer in heroin. The officer would periodically check defendant's residence and on the night in question, during a rainstorm, he noticed an unoccupied vehicle with the lights on and the motor running, parked in the alley behind defendant's residence. As he got out of his patrol car to investigate, he observed someone rummaging in cans in the defendant's back yard. The officer turned on his flashlight and the defendant immediately ran, throwing a can into the next yard. The officer ordered the defendant to stop running and identified himself as a Phoenix Police Narcotics Officer. The defendant did stop, the officer retrieved the can and found what appeared to be heroin inside. (It was later verified by a laboratory report that the substance was indeed heroin.) The officer testified that he then placed the defendant under arrest.

The defendant contends he was illegally placed under arrest since the officer had no probable cause to detain him when ordering him to stop running. The State contends it was an investigative detention situation and there was sufficient probable cause to detain and later arrest the defendant.

The leading case in the field of "search and seizure" is Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In that case the court laid down the guidelines that are applicable in such cases:

"The reasonableness of any particular search and seizure must be assessed in light of the particular circumstances against the standard of whether a man of reasonable caution is warranted in believing that the action taken was appropriate."

In the case of State v. Gunter, 100 Ariz. 356, 414 P.2d 734 (1966), the Arizona Supreme Court, in ruling on a search and seizure question, stated:

"We believe a police officer acting as a reasonable man under the circumstances may detain and question a person when necessary to a proper discharge of his duties."

Under the facts of this case it is our opinion that the officer was justified in making his investigation and advising the defendant to stop his flight. This was

**162**

necessary to complete the investigation of suspicious activities and to protect the safety of the officer. The officer would have been derelict in his duty if he had not retrieved the can thrown by the defendant. When the officer found what appeared to be heroin inside the can, it was his duty to arrest the defendant. The limited search and seizure made in this case was reasonable, both at the inception and the manner in which it was conducted.

For other Arizona cases upholding a search and seizure situation, see: State v. Smith, 110 Ariz. ——, 517 P.2d 83, Filed December 21, 1973; State v. Fellows, 109 Ariz. 454, 511 P.2d 636 (1973); State v. Fassler, 108 Ariz. 586, 503 P.2d 807 (1972); State v. Taras, 19 Ariz.App. 7, 504 P.2d 548 (1972); State v. Baltier, 17 Ariz.App. 441, 498 P.2d 515 (1972).

For the reasons stated herein, the order of the Superior Court is vacated.

DONOFRIO, P. J., and STEVENS, J., concur.