544 P.2d 207
**STATE of Arizona, Appellee,**
v.
**Willie G. TORREZ, Appellant.**
**No. 3098.**

Supreme Court of Arizona,
In Banc.
Dec. 26, 1975.

several phone calls, consummated a controlled sale of heroin, and made contact with a known drug user, the appellant was arrested for the sale of narcotics. A search of his vehicle contemporaneous with the arrest revealed a quantity of heroin underneath the front seat. Following the arrest, two search warrants were sought and obtained for appellant's place of business and residence, resulting in the seizure of additional quantities of heroin.

Appellant filed a motion to suppress the heroin seized from the vehicle on the ground that it was discovered as a result of an arrest not based upon probable cause. He also moved to suppress the heroin seized at appellant's place of business and residence on the grounds that the subject arrest was invalid and the affidavits in support of the warrants were constitutionally defective. After full hearing the motion was denied on June 24, 1974.

■ Appellant argues that there was not sufficient evidence to establish probable cause for the arrest. There is no dispute by the parties with the legal principles that an arrest will be upheld if the officer has reasonable grounds to believe that an offense is being or has been committed by the person arrested, and reasonableness is to be tested by the nature of the information supplied to the officer and the facts and circumstances which he observes or knows. *State v. Richards,* 110 Ariz. 290, 518 P.2d 113 (1974).

The evidence in support of the arrest consisted of the officers' independent knowledge of appellant's reputation as a drug trafficker, information from drug users that they had purchased narcotics from appellant, the observations of the officers shortly before the arrest of the suspicious activities of the appellant and his contact with another drug user, and finally, the controlled buy of narcotics from the appellant by an informant within forty-five minutes of the arrest. The evidence was ample to convince a man of reasonable caution that an offense had been committed, and the appellant had committed it.

Bruce E. Babbitt, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Debus, Busby & Green by Jordan Green, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Willie G. Torrez, was tried and convicted of three narcotic drug charges for which he was sentenced to confinement in the state prison. This appeal followed.

Appellant challenges the legality of his arrest and search incident to it, and he also contests the sufficiency of the affidavits for search warrants for his home and business premises.

The facts necessary for a determination of this appeal are essentially that the appellant, Willie G. Torrez, was placed under surveillance on the morning of March 13, 1974 by the Department of Public Safety acting on information from informants that appellant was a narcotics trafficker. Following an observed period of nearly four to five hours, during which time appellant frequented his home and gas station, carried objects to and fro, made

Appellant contends that the arrest was improper because the officers had time to procure a warrant before arresting him, and this failure to obtain a warrant makes the arrest without a warrant unreasonable. Appellant relies on *State v. Hutton*, 110 Ariz. 339, 519 P.2d 38 (1974). In the *Hutton* case there was a lapse of fourteen hours between the receipt of information by the officers and the search of the defendant. Such is not the instant case. The lapse of some forty-five minutes from the time of the controlled buy to arrest is not unreasonable under the circumstances. The officers wanted to protect the informant by giving him time to leave the area, but the officers were also aware that the appellant was moving about in his automobile. The officers' continued surveillance of appellant was necessary to follow his movements. Just prior to the arrest the appellant had met with a narcotics user, and there was reasonable belief that another sale of narcotics was about to take place. With the circumstances established by the evidence, the arrest without a warrant was justified because of the exigent circumstances. Since the arrest was valid, the subsequent search incident to the arrest was also valid, and the narcotics seized were admissible in evidence.

Appellant alleges that the evidence seized from the search of appellant's place of business and residence should have been suppressed because the affidavits upon which the magistrate issued the search warrant were insufficient to establish probable cause. Specifically, appellant attacks the sufficiency of the circumstances from which the informants reached the conclusions related to the officers. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Because there had not been a personal observation by the informants of heroin at the gas station for a period of three days and because neither informant had ever personally observed heroin at the appellant's home, appellant maintains that the information received from the informants was not credible.

The affidavit in support of the search of appellant's place of business recited that an informant had purchased a usable quantity of narcotics from appellant at his place of business within the last three days, and that affiant's fellow officer had been advised by another informant that he had effected numerous sales of narcotics during the past thirty days with appellant at appellant's place of business. The affidavit further stated that appellant had been observed on numerous occasions removing small objects from his vehicle and transferring them to various persons who appeared to be customers at his place of business. Finally the affidavit set forth a summation of the events surrounding appellant's arrest that morning for possession of heroin, including his contact with a known drug user. We are of the opinion that the factual circumstances enumerated in this affidavit were sufficient to permit a detached and neutral magistrate to conclude that quantities of narcotics were located at appellant's place of business.

Contrary to appellant's insistence, we do not find the information in the search warrant stale. As stated in *United States v. Harris*, 482 F.2d 1115, 1119 (3d Cir. 1973): "The question of staleness of probable cause depends more on the nature of the unlawful activity alleged in the affidavit than the dates and times specified therein." Where an affidavit recites facts indicating an activity of a continuous nature or "a course of conduct, the passage of time becomes less significant." *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972). We are of the opinion that the passage of three days since one of the informants purchased heroin at appellant's gas station did not render the warrant stale in light of the protracted and continuous activity inherent in appellant's large-scale narcotic operation.

The affidavit presented to the magistrate in support of the search warrant for appellant's residence also stated that two informants had been purchasing narcotics at defendant's place of business for periods

from three to six months previous and as recently as three days. The affidavit stated that one informant said that appellant cut and packaged the heroin himself, and that police surveillance of appellant's place of business during the week immediately before revealed that normal gas station business was conducted, rendering the cutting and packaging of heroin a difficult task at the service station location. The affidavit noted that one informant had said that the appellant was unwilling to disclose his home address and number, but had indicated to the informant that appellant had large quantities of narcotics smuggled from Mexico. It was also stated that the other informant had been advised that appellant would not permit anyone to whom he sold heroin to come to his home because of the large quantities stored there. The affidavit further stated that just two days before, appellant had been observed by affiant's fellow officer transporting a package from his residence to his place of business and then, approximately 10 minutes subsequent, depart and make contact with a known drug user. Another recent, observed incident of appellant's transportation of an unknown object from his residence to his place of business was described in the affidavit, as well as the events which transpired that morning surrounding appellant's arrest. Finally the affidavit stated that on the morning of the arrest, affiant's fellow officer went to appellant's home and was confronted by a woman who identified herself as appellant's wife and who attempted to swallow five papers of heroin; the officer was told by the woman that the heroin was given to her that morning by appellant and that additional heroin was inside the residence.

◼ We first emphasize that if the second prong of *Aguilar* is not satisfied for the reason of non-personal observation by the informants of heroin at the designated places of search, our inquiry is not terminated. The *Aguilar* test was modified in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), where the United States Supreme Court held that the latter prong of *Aguilar* can be met by description in the affidavit of criminal activity "in sufficient detail that the magistrate may know that [the informant] is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation," 393 U.S. at 416, 89 S.Ct. at 589, and that even an undisclosed informant's tip found wanting under the *Aguilar* test may provide the basis for a finding of probable cause if parts of it have been corroborated by independent sources, 393 U.S. at 415–16, 89 S.Ct. at 588–89; *see United States v. Squella-Avendano*, 447 F.2d 575, 580 (5th Cir.), *cert. denied*, 404 U.S. 985, 92 S.Ct. 450, 30 L.Ed.2d 369 (1971). The recent applications of the *Aguilar-Spinelli* test indicate that less detailed information from a reliable source may be used as grounds for a finding of probable cause if independent investigation by law enforcement agents yields sufficient verification or corroboration of the informant's report to make it apparent that the report was not fabricated. *State v. Collins*, 21 Ariz.App. 575, 522 P.2d 40 (1974).

◼ From the facts specified in the affidavit for the search of the residence, it could be reasonably inferred that appellant utilized his residence as the packaging and storing quarters for his selling operations. The logic employed by the Ninth Circuit Court of Appeals in *United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970), is presently of particular significance. We quote from the opinion:

> "The situation here does not differ markedly from other cases wherein this court and others, albeit usually without discussion, have upheld searches although the nexus between the items to be seized and the place to be searched rested not on direct observation, as in the normal search-and-seizure case, but on the type of crime, the nature of the miss-

ing items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide stolen property. [Citations omitted.]" 430 F.2d at 1055.

In upholding this search of appellant's residence, we are mindful that affidavits are to be interpreted in a common sense and realistic manner, *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), and that "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." 380 U.S. at 109, 85 S.Ct. at 746.

■ We are aware of the fact that the affidavit disclosed that another informant had been "advised" that appellant would not allow anyone to whom he was selling heroin to come to his home because "he kept large quantities of narcotics (heroin) in his residence." This information constitutes double hearsay, and since there was no demonstration of the advisor's reliability, we find that the first prong of *Aguilar* is unsatisfied. *United States v. Wilson,* 479 F.2d 936, 941 (7th Cir. 1973). After purging the subject affidavit of this unreliable statement, we conclude that the statement was immaterial to the showing of probable cause. *United States v. Thomas,* 489 F.2d 664 (5th Cir. 1974); *State v. Sabari,* 109 Ariz. 553, 514 P.2d 474 (1973).

■ Appellant has asserted that the affidavit in support of the search warrant for appellant's residence is defective because it included the opinion of the police officer. The affiant had stated in the affidavit that it was his experienced opinion that a large quantity of heroin was concealed at appellant's residence since appellant wished to avoid the handling of large quantities of heroin at a public location and appellant was in possession of only a small quantity of heroin at the time of his arrest. It is only when there is no delineation of underlying circumstances from which a magistrate may properly find probable cause that the inclusion of solely conclusions in the affidavit may defeat its validity. *Aguilar v. Texas, supra; Nathanson v. United States,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). The abundance of underlying circumstances enumerated in the subject affidavit renders appellant's contention meritless.

■ Appellant has also asserted that both affidavits contained deliberate false statements in that the affidavits stated that the sale on the day of the arrest occurred at appellant's gas station when in fact it occurred at a grocery store. We have reviewed the affidavits for this "falsification" and are unable to find it. The affidavits state only that one informant had purchased heroin from appellant's place of business during the last three days, which statement was subsequently verified in a deposition of said informant, and that another informant had purchased heroin at appellant's place of business within the last thirty days. We find no inaccuracies in the affidavit as urged by the appellant.

We conclude that the facts and circumstances shown in the affidavits were sufficient to support the issuance of the search warrants for the appellant's place of business and place of residence. The trial court properly refused to suppress the evidence.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.