**550 P.2d 89**
**STATE of Arizona, Appellee,**
v.
**Ann WATSON, Appellant.**
**No. 3483.**

Supreme Court of Arizona,
In Banc.
May 26, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

V. Gene Lewter, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Ann Watson, and her husband, Darrell Watson, were indicted for the possession of a narcotic drug for sale. After appellant's motion to suppress evidence was denied, she waived a jury trial and submitted the matter to the trial court on the police reports. Appellant was found guilty and sentenced to confinement in the state prison for five to 10 years. This appeal followed and we assumed jurisdiction. 17A A.R.S.Sup.Ct.Rules, rule 47(e)(5).

Appellant's basic contention is that the evidence obtained as a result of the search of her premises should have been suppressed. If the affidavit in support of the search warrant is legally sufficient the conviction must be affirmed; otherwise a reversal is required.

Appellant and her husband resided in the same premises in 1973. Law enforcement officers received information from an informant that Darrell Watson was then engaged in the sale of large quantities of heroin. The affidavit presented to the magistrate prior to the issuance of the search warrant stated that affiant (police officer) learned that Darrell Watson had a prior criminal record pertaining to narcotics and, by photo identification, that Watson was the person from whom the informer had purchased heroin in the past. Affiant personally supervised a controlled purchase of heroin by the informer from Watson. Immediately prior to the controlled buy, Watson was observed leaving appellant's and his mutual dwelling and proceeding to the designated meeting place in one of his vehicles. Affiant personally observed three vehicles continually parked at or near appellant's residence, two of which were registered to appellant. Affiant supervised the controlled buy and identified appellant's husband as the seller. The in-

former gave affiant a usable quantity of a substance which tested positive for the presence of opiates.

The affidavit stated that the informant had previously related to affiant that appellant's husband was engaged in selling large quantities of heroin. Affiant swore that his informant was "reliable" because informant had furnished affiant with information concerning at least 20 narcotics violations which affiant had verified and that had led to at least one arrest. Affiant swore that the informer had previously made two controlled buys and had properly identified the substance purchased as heroin. In the instant case, prior to the issuance of the search warrant, informant engaged in a controlled buy of heroin from Watson from whom he reportedly had purchased heroin in the past.

The affidavit further stated that the affiant, in the course of his period of several days of observation of Watson, saw him leave his residence at various times and drive one of the vehicles parked at the residence. The affiant officer observed Watson, on these occasions, meet with persons known to the officer as narcotics users and dealers. These meetings took place at named convenience stores and shopping center parking lots and lasted a short time of 30 to 60 seconds. The magistrate had abundant facts from which he could conclude that the informant was credible. *McCray v. State of Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). From the information contained in the affidavit, the magistrate could readily determine that informer's information that seller was a dealer in large quantities of heroin was reliable. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

Appellant's main contention is that there was not sufficient information to permit the issuance of a search warrant for the search of the premises occupied by appellant and Watson. She contends that the affidavit does not state that anyone saw narcotics on the premises.

The test of "probable cause" when the judgment is made by the magistrate based on facts set out in the affidavit was enunciated in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) wherein the Court stated:

". . . [W]e do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, [citation omitted]; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, [citation omitted]; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, [citation omitted]; and that their determination of probable cause should be paid great deference by reviewing courts, [citation omitted]." 393 U.S. at 419, 89 S.Ct. at 590–91, 21 L.Ed.2d at 645.

We find the fact that the seller left appellant's home immediately prior to the controlled sale as strong evidence to establish probable cause in this context. There was probable cause to believe that the seller's "stash" was located either in the dwelling or in the automobile which he drove to the meeting place for the controlled sale. The magistrate was entitled to render a judgment based on the commonsense reading of the entire affidavit. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). There was sufficient information present from which the magistrate could conclude that the seller was engaged in the continuous sale of large quantities of narcotics. The areas to be searched were limited to the seller's residence and the vehicles closely associated with the residence, two of which the seller utilized in traveling to the controlled sale and other related activities. We think there was sufficient probable cause to justify a search warrant for the

dwelling and the vehicles involved. *State v. Torrez,* 112 Ariz. 525, 544 P.2d 207 (1975); *United States v. Lucarz,* 430 F.2d 1051 (9th Cir. 1970).

Appellant also contends that the information in the search warrant was stale. We disagree. The law enforcement officers received initial information from the informant concerning Watson on May 7, 1973. Information utilized in the affidavit was obtained by surveillance of seller and appellant's residence on May 9th and 10th; the controlled buy from the seller, noted in the affidavit, took place between the 11th and 13th of May. The search warrant was issued on the 14th of May, executed on the 16th, and returned on the 17th. There was a total of nine days from the acquisition of the initial information by the law enforcement officers until the ultimate execution of the warrant. We are of the opinion that the passage of this short period of time from the acquisition of the information until the execution of the warrant, and the brief period from the controlled buy and affiant's observation of the seller's other related activities which, taken together, ripened into sufficient facts to present the magistrate with probable cause, did not render the information stale. *United States v. Harris,* 482 F. 2d 1115 (3rd Cir. 1973); *State v. Torrez, supra.*

Acting pursuant to the search warrant, police officers searched the residence of appellant and her husband finding a large quantity of narcotics and paraphernalia. The officers stopped appellant while she was driving one of the cars described in the search warrant. She dumped the contents of a tinfoil packet on the car floor, locked the car doors, and fled. The officers searched the vehicle and found heroin on the car floor. Appellant was later apprehended.

The trial court correctly denied the motion of appellant to suppress the evidence seized under the search warrant. There was sufficient information furnished to establish probable cause for the issuance of the warrant. The evidence submitted to the trial court was sufficient to sustain the conviction of appellant; therefore the judgment is affirmed.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.