560 P.2d 1272

**STATE of Arizona, Appellee,**

v.

**Samuel Floyd MOODY, Appellant.**

**No. 1 CA–CR 2043.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 20, 1977.

Rehearing Denied Feb. 23, 1977.

Review Denied March 15, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief, Crim. Div., Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Westover, Choules, Shadle & Bowen, P. C. by Allen J. Clark, Yuma, for appellant.

## OPINION

NELSON, Presiding Judge.

Appellant, Samuel Floyd Moody, was found guilty of the possession of heroin and the transportation of a narcotic drug (heroin) for sale by a Yuma County jury in April of 1976. A judgment of conviction was entered on the possession count and a sentence of not less than five nor more than seven years in the Arizona State Prison was imposed. This appeal followed. The sole issue on appeal is the validity of the seizure and search of appellant's baggage in which the heroin was found.

A customs agent at the port of entry at San Luis, Arizona first observed Moody as he walked into Arizona from Mexico. The agent became suspicious and contacted agent Wheeler of the Yuma police department who initiated an investigation and surveillance of Moody resulting in his arrest the following day. During the investigation Wheeler learned of appellant's unusual statements and actions which led him to suspect that Moody possessed a usable amount of narcotics for sale. When Wheeler learned that Moody anticipated leaving Yuma within a few hours, he sought a search warrant for Moody and two suitcases checked into baggage at the bus terminal. While Wheeler was obtaining the warrant, two other officers arrested Moody and took him from the bus terminal, apparently for interrogation. Thirty-five to forty minutes later Wheeler returned to the bus terminal and secured the two suitcases he thought belonged to Moody, opened them, and discovered the heroin.

The County Attorney conceded and the superior court found that the seizure and search were not justified as the product of a legal search warrant because the supporting affidavit was legally insufficient. However, suppression was denied and the evidence admitted as the product of a search incident to a warrantless arrest based on probable cause. Appellant agrees that the affidavit was insufficient but alleges that the search is not justified as incident to the arrest. The State does not support on appeal that ground upon which the trial court held the evidence admissible but rather contends that the supporting affidavit was sufficient to authorize the search warrant. We address appellant's allegations of a Fourth Amendment violation as applicable under *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), in the spirit suggested by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

The superior court concluded and the prosecutor agreed that the facts alleged in the supporting affidavit for the search warrant were inadequate to sustain a warrant for the seizure of the suitcases in which the heroin was discovered. The only connection between the suitcases and Moody alleged in the affidavit was that the baggage was checked onto the bus to San Diego and that Moody had purchased a ticket on that bus under an alias. To justify a search warrant, an affidavit must show the underlying circumstances which justify a reasonable belief that the place or places to be searched contain the contraband or other evidence that will connect the accused with his alleged crimes. *State ex rel. Flournoy v. Wren*, 108 Ariz. 356, 498 P.2d 444 (1972). The key to this rule is the personal knowledge of the affiant as to the facts alleged rather than the ceremonial attestation that the affiant knows or believes those facts to be true. In *State v. Torrez*, 112 Ariz. 525, 544 P.2d 207 (1975), our Supreme Court said:

"We are aware of the fact that affidavit disclosed that another informant had been 'advised' that appellant would not allow anyone to whom he was selling heroin to come to his home because 'he kept large quantities of narcotics (heroin)

in his residence.' This information constitutes double hearsay, and since there was no demonstration of the advisor's reliability, we find that the first prong of *Aguilar* is unsatisfied. *United States v. Wilson*, 479 F.2d 936, 941 (7th Cir. 1973)." 112 Ariz. at 530, 544 P.2d at 212.

Where the information contained in the affidavit is not within the affiant's first-hand knowledge, but rather is "learned" or "advised" by others, such allegations must be factual rather than conclusionary and be shown to be reliable. *State v. Torrez, supra; People v. Hill*, 12 Cal.3d 731, 117 Cal. Rptr. 393, 528 P.2d 1 (1974); *People v. Hamilton*, 71 Cal.2d 176, 77 Cal.Rptr. 785, 454 P.2d 681 (1969). Finally, where there is no delineation of the underlying circumstances from which a magistrate may properly find probable cause from the conclusionary opinions of the police officer, the affidavit is invalid. *State v. Torrez, supra.* The affidavit in this case is seriously suspect under these principles.[1] Additionally, a reading of the affidavit indicates that the totality of the allegations of fact had been acquired from several different persons, all of whom remain unidentified by the affiant except officer Sherman and agent Miller.

The practice of police officers using ambiguous terms to disguise the hearsay and conclusionary nature of their factual allegations is not new. *See, e. g., United States v. Marshall*, 488 F.2d 1169 (9th Cir. 1973). In the instant case there were no allegations of fact that Wheeler had ever seen Moody in possession of the two suitcases and when appellant was searched, there was no evidence to connect him to the bags. Agent Wheeler later testified that he connected Moody to the bags from information obtained from the manager of the bus de-

pot, but neither the affidavit nor subsequent testimony reveals what that information was. There was no way for the magistrate initially to test its reliability or reasonableness. After purging the affidavit of the unreliable statements, *State v. Torrez, supra*, we conclude that the superior court and prosecutor were correct in determining that the seizure and search of the suitcases cannot be validated on the basis of the warrant.

The superior court ruled the seizure and search valid as incident to a valid arrest. Appellant contends that the arrest was made on suspicion alone and therefore invalid under *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied*, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

■ In the suppression hearing, officer Wheeler testified to additional facts not contained in the affidavit. A packet of balloons and a bag commonly used as a wrapping for hard narcotics taken from Moody's hotel room were introduced into evidence. The superior court judge saw the evidence and smelled on it the odor of vinegar, previously identified by Wheeler as being a mask for the distinctive odor of hard narcotics on the wrapping. Based on the exhibits and Wheeler's in-court testimony, the trial court concluded that there was probable cause to arrest Moody for the possession of proscribed substances. The trial court further concluded that after Wheeler learned that the arresting officers had searched Moody and found him to be "clean", he then had probable cause to believe that contraband was in the suitcases. The additional facts and observations presented to the trial court in the suppres-

---

1. The affidavit states in part:

"Moody *was found* to have no ID .... *it was noted* that Moody [sic] approximately $300 on him .... *It was noted* that Mr. Johnson had called Kansas City, Missouri 3 times .... *A check with the desk clerk revealed* the subject to be a Mr. J. Johnson of Room 212 .... a yellow Taxi cab *was observed* returning to the Yuma International terminal with what appeared to be Moody in the vehicle ....

Agent Wheeler *found that the subject* had attempted to check into the Roadway Inn .... *Further investigation revealed* that Moody aka Johnson *had went* to the Greyhound Bus depot where *he was now observed* to be wearing a dark green outfit. *The bags were observed* to be 2 cloth suitcases, blue in color, with assorted colored floweres [sic]. *They had been checked* in on the bus and was due out at 9:15 A.M. 5/22/75 for San Diego, California."

sion hearing created a substantial evidentiary basis in support of the trial court's determination that probable cause for the arrest existed. When the trial court's determination is so supported by substantial evidence, its finding of probable cause will not be disturbed by this Court in an attempt to reach or justify a different conclusion. *State v. Dugan*, 113 Ariz. 354, 555 P.2d 108 (1976); *State v. Eliason*, 25 Ariz. App. 523, 544 P.2d 1124 (1976). We hold that the trial court properly found probable cause for Moody's arrest.

■ Although a search warrant issued by the local magistrate is invalid because the supporting affidavit is insufficient, the State is not precluded from justifying the search or seizure as incident to a lawful arrest. *Rocha v. United States*, 387 F.2d 1019 (9th Cir. 1967), *cert. denied*, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). A contrary rule would reward police officers who neglect the procurement of a warrant in situations where it is practical to obtain one, a violation of our preference of a warrant wherever practical. *State v. Madden*, 105 Ariz. 383, 465 P.2d 363 (1970).

Appellant contends that the seizure and resulting search were not incident to the arrest as they occurred forty minutes after his arrest and after he had been transported from the bus station where the suitcase had been previously entrusted to the carrier for conveyance to San Diego, California. Wheeler's affidavit indicates that the bus upon which the suitcases had been checked was scheduled to depart Yuma at 9:15 a. m. on the day they were seized. At 9:10 a. m. Wheeler, armed with what he then thought to be a valid warrant, seized the suitcases. Moody's arrest and search had already been accomplished by other officers, and the trial court found that Wheeler then had probable cause to believe that narcotics were in the suitcases.

■ Since these suitcases were clearly not within the control of appellant at the time of their seizure, the seizure and search cannot be said to be incident to the arrest.

*Cf. United States v. Chadwick*, 532 F.2d 773 (1st Cir. 1976); *United States v. Rothman*, 492 F.2d 1260 (9th Cir. 1973). The rationale of *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and the Arizona Supreme Court's allowance of similar searches is limited to searches in the area of the immediate control of the defendant at the time of arrest for the protection of the police. *See e. g., State v. Noles*, 113 Ariz. 78, 546 P.2d 814 (1976). In this case the reason for a *Chimel* type search was non-existent and therefore the authority for it had ended.

■ Since, however, agent Wheeler did have probable cause to seize and search the suitcase (although he had not sufficiently articulated the facts in his affidavit to validate the warrant), the seizure was permissible because the suitcases were in the course of transportation. If this seizure had not occurred, the evidence would have been put out of reach of a valid search warrant. In *State v. Fellows*, 109 Ariz. 454, 511 P.2d 636 (1973) and *State v. Fassler*, 108 Ariz. 586, 503 P.2d 807 (1972), police officers obtained probable cause from initial searches by the transportation employees. The Arizona Supreme Court, relying on *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), upheld the warrantless searches and seizures of baggage containing in-transit narcotics. The facts in this case are legally indistinguishable from *Fellows, supra*, and *Fassler, supra*, and accordingly, we affirm the trial court's finding of the validity of the seizure and search.

Judgment of conviction and sentence affirmed.

OGG and DONOFRIO, JJ., concur.