620 P.2d 703

**The STATE of Arizona, Appellee,**

v.

**Raul Clarence ROBINSON, Appellant.**

**No. 2 CA-CR 2013.**

Court of Appeals of Arizona,
Division 2.

Oct. 3, 1980.

Rehearing Denied Nov. 13, 1980.

Review Denied Dec. 2, 1980.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Raul Clarence Robinson was convicted of kidnapping, sexual assault and two counts of aggravated assault. He was sentenced to two terms of seven years in prison for kidnapping and sexual assault, and five years for each count of aggravated assault. All four sentences are to be served concurrently.

He raises five contentions on appeal: (1) The prosecution improperly commented at trial on his assertion of his right to remain silent; (2) the trial court improperly denied a motion to suppress evidence obtained under a search warrant because the supporting affidavit did not show probable cause; (3) it was error to use in cross–examination evidence which the prosecution on a motion to suppress stated would not be introduced at trial; (4) closing argument characterizing appellant's testimony as lies was improper; (5) admission of testimony from an undisclosed prosecution witness was an abuse of discretion. We affirm.

On June 6, 1979, at approximately 11 a.m., Kimberly Waln and Alan Bost were hitchhiking on Interstate 10 outside of Tucson. They were picked up by appellant. Waln and Bost testified that after driving some distance, appellant stopped his car on the shoulder of the highway and forced Bost out of the car at gunpoint. Appellant then drove on with Waln, turned off at the next exit and proceeded down a dirt road. After parking, appellant forced Waln to perform fellatio upon him. In the meantime, Bost got another ride and summoned the police by phone. The police discovered

Waln and appellant parked on the dirt road and arrested him.

Appellant testified that after he picked up Bost and Waln, Bost asked to leave the car. He said Waln then asked appellant to drive her down the dirt road and after he parked, she told him that Bost was calling the police and he would be in trouble if he didn't give her money, but if he did she would tell the police nothing happened. He said he offered her his gun, after unloading it, and some jewelry from the trunk of his car. He testified the police approached as he was offering Waln the gun.

### COMMENT ON APPELLANT'S POST–ARREST SILENCE

■ Appellant contends that on three occasions the prosecution made references to appellant's exercise of his right to remain silent after being given *Miranda* warnings.[1] Comment by the prosecution upon an accused's assertion of his Fifth Amendment right to remain silent is improper. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Shing*, 109 Ariz. 361, 509 P.2d 698 (1973).

■ The first alleged reference occurred during detective Chavez's testimony. Chavez related that after hearing the *Miranda* warnings appellant agreed to answer questions. Appellant, after making several denials in response to specific questions, began to tell officers what happened. Before making a complete statement, however, he told Chavez that he did not want to answer any more questions. At that point questioning ceased.

Chavez's testimony did not constitute impermissible comment upon appellant's assertion of his right to remain silent. *State v. Lee*, 114 Ariz. 101, 559 P.2d 657 (1976). Appellant voluntarily made some statements to police. Chavez merely related the conversation until it terminated as a means of placing appellant's statements in context. Objection to this testimony was properly overruled. *United States v. Haro–Portillo*, 531 F.2d 962 (9th Cir. 1976); *State v. Lee*, supra.

Appellant contends that the other two improper references occurred during cross–examination of appellant and the prosecutor's subsequent comment on that cross–examination during closing argument.

During cross–examination appellant was asked if he had ever told anyone before trial that the victims Waln and Bost "tried to run a scam" on him. Objection was made with no ruling on the record. The cross–examination continued on the same subject without further objection. Appellant was asked why he had not made the statements about the "scam" to the county attorney before trial or to the police at the scene of the arrest, on his way to the sheriff's office, or at the sheriff's office. During closing argument, over objection, the prosecutor in essence urged the jury to remember appellant had never before trial told "this particular story." Appellant contends that these acts taken together constitute improper comment on his assertion of his right to remain silent.

■ That the prosecution may not comment upon an accused's silence is well established in federal and Arizona law. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Anderson*, 110 Ariz. 238, 517 P.2d 508 (1973); *State v. Shing*, supra. Nevertheless, an accused who voluntarily makes a post–arrest statement and makes new exculpatory statements at trial may be impeached by his failure to make those statements earlier. *State v. Tuzon*, 118 Ariz. 205, 575 P.2d 1231 (1978).

■ When police arrived at the scene of the arrest, appellant approached with hands raised and said "What's going on? I just picked her up and gave her a ride." He was given the *Miranda* warnings and said he was willing to answer questions. The *Miranda* warnings were repeated at the sheriff's office and appellant responded to Chavez's questions. Appellant said he had just gotten off work and had picked up only the girl but couldn't remember where. She

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

had asked to go to the Triple T Truck Stop, he had driven to the area where the police had found them, and they were just sitting there talking. He said he had an unloaded handgun and had never displayed it to the girl. He had not thrown anything out of the car while parked. He denied sexual contact with her. He then refused to answer any more questions.

At trial, appellant testified he got off work that morning, had gone home, and then headed for the Triple T Truck Stop for a job application. On his way he saw both Bost and Waln hitchhiking and offered them a ride. They accepted but Bost soon asked to be let out alone on the highway. Waln asked to go down the dirt road, which he did. When he parked she made her extortion demand. He offered her the gun but unloaded it and threw the cartridge clip out the window.

The appellant's trial statements were inconsistent with his statements to police before he asserted his right to remain silent. The prosecutor's questioning about why appellant had not told the story at that time was not a comment upon his silence but proper impeachment based upon what he had said. *See State v. Tuzon*, supra; *State v. Calhoun*, 115 Ariz. 115, 563 P.2d 914 (App.1977).

■ The same cannot be said of the question why appellant had not reported the "scam" to the county attorney, or the prosecutor's comment in closing argument that appellant had never before told "this particular story." Although that question and remark referred to appellant remaining silent after he had asserted his right to do so, the error was harmless beyond a reasonable doubt because they added nothing to the inconsistency of his statements and omissions before he asserted that right.

## DENIAL OF MOTION TO SUPPRESS

■ In a pretrial motion in limine appellant sought to suppress evidence seized from his car under authority of a search warrant. Appellant contends that the trial court's denial of the motion was error as it related to appellant's handgun because the

affidavit supporting the search warrant was inadequate to show probable cause. This alleged inadequacy is based upon the failure to expressly identify the source of the contained information so that the magistrate could make an independent judgment of the statement's credibility or reliability. *State v. Moody*, 114 Ariz. 365, 560 P.2d 1272 (App.1977). An affidavit must disclose the underlying circumstances from which the affiant concluded that his information is reliable. *United States v. Bailey*, 458 F.2d 408 (9th Cir. 1972). *See Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Although this affidavit does not identify expressly the affiant's information source, a warrant affidavit will not be defeated for hypertechnical interpretation. *State v. Cobb*, 115 Ariz. 484, 566 P.2d 285 (1977). Such warrants are to be given a common sense reading and evaluated as a whole. *State v. DeGraw*, 26 Ariz.App. 595, 550 P.2d 641 (1976); *State v. Lemons*, 21 Ariz.App. 316, 519 P.2d 69 (1974). A common sense reading of the affidavit in question indicates that the information came from the victims, Waln and Bost. Informant reliability need not be proved by additional facts when the informant is the victim. *United States v. Mahler*, 442 F.2d 1172 (9th Cir.), *cert. den.*, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971). Consequently, we find sufficient probable cause to uphold the validity of the search warrant for appellant's car. The denial of the motion to suppress was proper.

■ In the same motion in limine appellant moved to suppress items found in the car trunk, including jewelry, as beyond the scope of the search if the warrant was found to be valid. The trial court ruled this issue moot. This ruling was based on the prosecutor's statement that the items would not be offered into evidence.

At trial, on direct examination appellant testified that he offered Waln the jewelry in the trunk to satisfy her alleged extortion demands. On cross-examination appellant

was questioned about the jewelry. When the prosecutor showed the jewelry to appellant who identified it as his, there was no objection to the courtroom use of the jewelry nor to this line of cross–examination. The jewelry was not offered into evidence.

Having introduced the existence of the jewelry, the defense waived its previous motion to suppress. Further, display of the jewelry served as corroboration of appellant's testimony. Absent a showing of prejudice, we will not reverse. *State v. Smith*, 113 Ariz. 298, 552 P.2d 1192 (1976).

Appellant further argues that the prosecutor's cross–examination with the jewelry was improper. No objection having been made at trial, the claimed error will not be considered on appeal. *State v. Hudgens*, 102 Ariz. 1, 423 P.2d 90, *cert. den.* 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155 (1967).

## PROSECUTION COMMENT DURING CLOSING ARGUMENT

Appellant contends that the prosecutor's reference during closing argument to some of appellant's trial testimony as lies was improper and constitutes reversible error. Since appellant's counsel did not object to the comment at trial and did not move for mistrial on the grounds of the impropriety of the statements, the right to appeal is waived unless the comment constitutes fundamental error. *See State v. Marvin*, 124 Ariz. 555, 606 P.2d 406 (1980); *State v. Stoneman*, 115 Ariz. 594, 566 P.2d 1340 (1977). Closing argument is not evidence and the prosecutor and defense counsel so warned the jury. Any possible influence the prosecutor's statements may have had was mitigated by warnings given to the jury before the statements were made. *State v. Holley*, 123 Ariz. 382, 599 P.2d 835 (App.1979). Consequently, any impropriety of the comments does not rise to the level of fundamental or reversible error.

## TESTIMONY FROM AN UNDISCLOSED WITNESS

The appellant contends that the trial court erred in allowing an undisclosed rebuttal witness to testify for the prosecution.

The trial court decided that the prosecutor was subject to sanctions because he violated 17 A.R.S. Rules of Criminal Procedure, Rule 15.1(f), by failing to disclose the defendant's probation officer as a rebuttal witness during the discovery process.

The choice of an appropriate sanction for violation of discovery rules is committed to the trial court's discretion and absent a showing of prejudice, abuse of discretion will not be found on appeal. *State v. Alvarado*, 121 Ariz. 485, 591 P.2d 973 (1979). Preclusion of an undisclosed witness should only be invoked when other less stringent sanctions are not applicable. *State v. Gutierrez*, 121 Ariz. 176, 589 P.2d 50 (App.1978). The underlying purpose of the discovery rule is to avoid unnecessary surprise and delay at trial and to enable adequate preparation of counsel. *State v. Dodds*, 112 Ariz. 100, 537 P.2d 970 (1975). In this case, the scope of the witness's testimony was limited and defense counsel was given time to interview the witness. Such sanctions have been upheld as a proper exercise of discretion. *State v. Lewis*, 121 Ariz. 155, 589 P.2d 29 (App.1978). After interview of the witness, the defense made no motion for continuance nor otherwise indicated that the appellant was prejudiced.

After the witness's testimony and the close of the case, a juror informed the court that the witness was her son–in–law. The appellant's motion for mistrial was denied. Non–disclosure upon proper inquiry on voir dire examination of bias or prejudice which may render a juror vulnerable to challenge is grounds for a new trial. *Board of Trustees v. McEwen*, 6 Ariz.App. 148, 430 P.2d 727 (1967). The juror in this case, however, was not asked prior to the testimony if she knew the witness.

The trial judge made full inquiry into possible bias after disclosure of the relationship. The trial judge is in a superior position to judge the prejudicial effect of non–disclosure of facts relevant to a juror's bias and we will not interfere absent clear abuse of discretion. *Board of Trustees v. McEwen*, supra. The juror was cautioned

**330**

not to reveal to the other jurors her relationship to the witness and the witness's testimony was corroborated by a subsequent defense witness. We find no abuse of discretion.

The appellant contends he was denied his right of peremptory challenges as a result of the prosecution's non-disclosure. The case he cites, *Penaskovic v. F. W. Woolworth Co.*, 20 Ariz.App. 403, 513 P.2d 692 (1973), is inapposite.

The appellant also contends that the undisclosed witness's testimony exceeded the limitations ordered by the judge and violated rules 608 and 609, Arizona Rules of Evidence. No objection was made at trial to the testimony. Failure to object at trial is deemed waiver on appeal. *State v. Milton*, 85 Ariz. 69, 331 P.2d 846 (1958).

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.